LOONEY L. LONES *v.* BALLARD McFALL *et al.**

(*Nashville.* December Term, 1925.)

DEATH. Heirs of beneficiaries dying before bringing suit have no right of action.

Acts 1903, chapter 317, providing that suits instituted by beneficiaries named in Shannon's Code, section 4025, of party wrongfully killed, shall not abate in event of their death pending suit, does not make right of action survive, in favor of heirs of beneficiary of party wrongfully killed, where such beneficiary died before bringing suit, though result of suit would have inured to their benefit.

Acts cited and construed: Acts 1903, ch. 317.

Cases cited and approved: Railroad v. Bean, 94 Tenn., 388; Railroad v. Leazer, 119 Tenn., 1.

Code cited and construed: Sec. 4025 (S.).

*Headnote 1. Death, 17 C. J., Section 78.

FROM BLOUNT.

Appeal from the Circuit Court of Blount County.— HON. SAM C. BROWN, Judge.

McTEER, KRAMER & QUINN and DRINNEN & SIMS, for plaintiff.

BROWN & JOHNSON and GAMBLE, CRAWFORD & GODDARD, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Suit to recover damages for the wrongful death of plaintiff's intestate, Lucille Lones Counts.

It is alleged in the amended declaration that plaintiff's intestate left as her next of kin her father, J. G. Lones, who died before the bringing of this suit, and who left as his heirs his sons, Frank, Ralph, and Looney, for whose benefit this suit is brought.

The defendants interposed the following demurrer, which was sustained by the trial court, and the suit dismissed, to-wit:

"(1)  The declaration as amended states no cause of action.

"(2)  The declaration shows on its face that J. G. Lones, who was the sole next of kin of the deceased, Lucille Lones Counts, at the time of her death, died before this suit was brought, and therefore any right of action, if any existed, abated on the death of J. G. Lones."

The plaintiff has appealed and assigned one error as follows:  "The learned trial court erred in sustaining the defendant's demurrer and dismissing the plaintiff's suit."

It is conceded that at common law every right of action for a personal injury died with the person injured, and that the survivorship of any such right of action is based upon statute.

Prior to 1903, the only statute of survivorship was that set forth in section 4025 of Shannon's Code, which is as follows:

"The right of action which a persons who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer in case death had not

ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors.''

Construing the foregoing statute, this court held that the suit abated where the beneficiary designated died while the suit was pending. *Railroad* v. *Bean,* 94 Tenn.. 388, 29 S. W., 370; *Railroad* v. *Leazer,* 119 Tenn., 1, 107 S. W., 684.

Evidently, to meet this situation, the legislature, by chapter 317 of the Acts of 1903, enacted the following:

''That no suit now pending or hereafter brought for personal injuries or death from wrongful act in any of the courts of this State, whether by appeal or otherwise, and whether in an inferior or superior court, shall abate or be abated, because or on account of the death of the beneficiary or beneficiaries for whose use and benefit said suit was brought, and that such suit shall ·be proceeded with to final judgment, as though such beneficiary or beneficiaries had not died, for the use and benefit of the heirs at law of such deceased beneficiary.''

This act simply provides that suits instituted for the benefit of those enumerated in section 4025 of the Code shall not abate in the event of their death, pending the suit, but that such suit ''shall be proceeded with to final judgment, as though such beneficiary or beneficiaries had not died.'' It is the suit that shall not abate. The act does not say that the right of action shall survive; neither does it say that, in case of the death of the beneficiaries enumerated in section 4025 of the Code, certain other persons may institute the suit, and we do not feel justified in

Lones v. McFall.

reading into the statute such a provision. In fact, we are confident that such was not the legislative intent. The fact that the result of the suit inures to the benefit of the heirs at law of the deceased beneficiary does not authorize us to say that such heirs can institute the suit where the beneficiary failed or refused to do so in his lifetime. The statute does not so provide.

It results that the judgment of the trial court will be affirmed.