EBA BENNETT ZUCCARELLO et al. v. W. P. ERWIN et al.

Middle Section.   May 1, 1926.

No petition for Certiorari was filed.

1. **Adverse possession. Mere failure to account for rents and profits does not constitute adverse possession by a co-tenant.**
   It takes something more than appropriation of the rents without an accounting to constitute adverse possession in order to perfect one's title by prescription. The mere silent, sole occupation by one tenant in common of the entire property, though he be claiming the whole estate and appropriating the whole rents, without an accounting to or claim by the others, without notice to his co-tenants that his possession is adverse, and unaccompanied by some act which can amount to an exclusion and ouster of the co-tenant cannot be construed into an adverse possession.

2. **Adverse possession. There must be some actual notice before there is adverse possession by a co-tenant.**
   Ouster and exclusion such as will afford a holding under adverse possession as to co-tenant may be effected by taking possession and affording actual notice of a claim of sole ownership or by other positive and unequivocal act that must by its nature put the other co-tenants upon notice that they are excluded from the possession.

3. **Adverse possession. Doctrine of adverse possession is strictly construed.**
   The doctrine of adverse possession is to be taken strictly, and must be made out by clear and positive proof and not by inference; every presumption being in favor of a possession in subordination to the title of the true owner. The possession of one tenant in common as a general proposition, is the possession of all.

4. **Adverse possession. Evidence. That party insured property as agent and had it assessed for taxes in his name as agent, refuted the idea of adverse possession.**
   In an action to recover certain property where the defendant claimed title by adverse possession and where the evidence showed that the tenant had insured the property in his name as agent and had it assessed for taxes in his name as agent, held that such evidence refuted the idea of adverse possession.

5. **Wills. Ordinarily a will is ineffectual as an instrument of title until probated.**
Ordinarily, the probate of a will is the judicial determination of its character and validity as such and until it has been duly admitted to probate in the proper court, it is wholly ineffectual as an instrument of title.

6. **Appeal and error. On appeal, party is limited to his assignments of error.**
In an action to recover certain property assignments of error that the court erred in decreeing that appellants were not the owners of an undivided one-fifth interest in the property, held that they could not recover more.

7. **Account. Co-tenants are entitled to an accounting by tenant in possession.**
Where one co-tenant has had possession of property for many years, held that other co-tenants are entitled to an accounting of rents and profits received from the land less expenditures made, which will be declared a lien on his undivided interest.

Appeal from Chancery Court, Maury County; Hon. Thos. B. Lytle, Chancellor.

Decree reversed and cause remanded.

Sam Holding, and E. W. Carmack, of Columbia, for appellants, Zuccarello, et al.

Webster & Webster, of Columbia, for appellees, Erwin et al.

CROWNOVER, J. In this cause it appearing that the appeal bond was not marked filed, and the appellants having suggested a diminution of the record supported by an affidavit and certified copy of the appeal bond, which show that said appeal bond was filed within the thirty days as required by the decree, but by oversight the clerk and master failed to mark same filed and failed to show in the transcript of the record that the said appeal bond was filed within said time, it is, therefore, ordered that said affidavit and certified copy of said appeal bond be filed and made a part of the record in this cause, and said bond will be treated as filed in said cause on May 22, 1924, thus perfecting the appeal within the time required by the decree.

This was a suit to recover complainants' interest in a house and lot in the town of Columbia, used as hotel property and known as the Guest House, for an accounting of rents and for a sale of said property for partition or distribution.

The bill alleged that Mrs. Jemima A. Guest died intestate on July 15, 1900, seized and possessed of said property and left surviving her children and grand-children as her only heirs at law; that said Mrs. Guest had been married twice and had five children (four of whom were dead) who owned said property, as follows:

(1) A son, E. E. Erwin, who died on July 3, 1919, leaving a widow, Mrs. Lura L. Erwin, who was appointed his administratrix, and one son, W. P. Erwin.

(2) A daughter, Mrs. Dollie Bennett, who died in the year 1878, leaving surviving her three daughters, the complainants,

(a) Mrs. Eba Bennett Zuccarello. (b) Mrs. Angie Bennett Adkinson, and (c) Mrs. Annie Bennett Muir.

(3) A son, Tom Erwin, who died several years ago, leaving only one son, Frank Erwin.

(4) A son, Hiram Erwin.

(5) A son, J. Hough Guest, who died in 1908, leaving a widow, Mrs. Maia Guest, but no children.

The bill was filed by the above named three daughters of Mrs. Dollie Bennett, deceased, as complainants, and all the other parties above named were made defendants, and they allege that said children and grandchildren of Mrs. Jemima A. Guest own said property as tenants in common,- the original heirs each owned a one-fifth undivided interest in said hotel property, and that J. Hough Guest having since died, the other four original heirs each own an one-fourth of his share subject to his wife's right of dower.

The bill further alleged that on the death of Mrs. Jemima A. Guest, in July, 1900 her son, E. E. Erwin, took possession of said hotel property and rented it out until his death in July, 1919, and that his son, W. P. Erwin, the defendant, then went into possession and has rented out said property ever since, up to the filing of the bill in this cause in October, 1921, and that they have not accounted to complainants for said rents, and that the defendant, W. P. Erwin, is now claiming to own said property, therefore, complainants ask that the rights of the parties in said property be decreed, that the same be sold for partition and also for an accounting of the rents.

The defendant, Mrs. Lura L. Erwin, answered individually and admitted that Mrs. Jamima A. Guest died in July, 1900, but denied that the parties named in the bill were the owners as tenants in common of said property, that she did not know what rents her husband had collected; but alleged that she had conveyed all her interest in said property to W. P. Erwin and disclaimed any further interest. She specifically denied all other allegations of the bill;

And, as administratrix of E. B. Erwin's estate, she filed a plea that E. E. Erwin's estate had been declared insolvent and was being administered as an insolvent estate in the Chancery Court at Columbia in a case styled City of Columbia v. Mrs. Lura L. Erwin, admrx., wherein all creditors were required to file their claims and all other suits against his estate were enjoined; hence, she prayed that the suit as against her as administratrix be abated.

Thereafter, on November 13, 1922, the said plea in abatement was sustained and the bill was dismissed as to the administratrix. No proof of said former suit pending or the orders made in said case was introduced, and there is nothing in the record showing that there was such a suit, other than a copy of the agreement of settle-

ment between Mrs. Lura L. Erwin and W. P. Erwin, wherein W. P. Erwin, in consideration of the settlement, agreed to pay all outstanding just debts against the estate of his father, E. E. Erwin.

Defendant, W. P. Erwin, filed an answer as a cross-bill, and insisted that the complainants and the other heirs owned no interest in said property, because:

**First,** his father, E. E. Erwin, had purchased and paid for said property at a chancery court sale in 1871, but that the legal title was taken in the name of his mother, Mrs. Jemima A. Guest, and that she had recognized in her lifetime that he was the equitable owner of said property:

**Second,** because E. E. Erwin went into possession of said property on the death of his mother in July, 1900, and remained in possession until his death in July, 1919, and after his death, this defendant remained in possession until the bill in this cause was filed on October 18, 1921, and that these defendants were in the open, notorious, continuous adverse possession of said property for more than twenty years and had rented it out and collected the rents, and that therefore, they had perfected their title by prescription, from which a deed will be presumed;

**Third,** he pleaded laches and lapse of time, in that the complainants knew all of the facts in the case and waited for more than twenty years without demanding possession or any rents from the property.

**Fourth,** that E. E. Erwin had advanced considerable money to the complainants and each of the other heirs, amounting to much more than their respective interests in said property, and therefore, it would be inequitable to hold him liable for rents and not make them account for money advanced and paid to them by E. E. Erwin. He also pleaded that E. E. Erwin had paid the taxes and insurance each year on said property.

**Fifth,** that Hiram and Tom Erwin had conveyed their interests in said property to E. E. Erwin, and that J. Hough Guest had devised his interest to E. E. Erwin. Hence, it was insisted that complainants were not entitled to any interest in said property or to any relief.

Said answer was filed as a cross-bill "for the purpose of clearing up any cloud that exists on this property and that he have a decree divesting all title out of the parties."

None of the other parties made any defense and pro confessos were taken against them.

Several depositions were taken and read to the Chancellor, who decreed that the allegations were fully met and denied by the answer and not sustained by the proof, and that complainants claims were barred by lapse of time and laches, and therefore, the bill

was dismissed. The complainants excepted and appealed and have assigned errors, which when summarized are:

(1) The court erred in dismissing the bill.

(2) The court erred in not decreeing that the complainants and defendants were tenants in common and that complainants were entitled to a one-fifth undivided interest in said Guest House property and in not decreeing that the property be sold for partition.

(3) The court erred in not ordering an accounting of the rents of said property and in not charging the same against the interest of defendant, Porter Erwin, as the only heir at law of E. E. Erwin deceased.

Mrs. Jemima A. Guest purchased this property at a chancery court sale in June, 1871, and the title was vested in her and her heirs. She made cash payment and executed her notes for the remainder. Later judgments were taken on these notes and the execution docket in the case shows that she made some payments, or at least the receipts on the docket, show that she made some of the payments and that other payments were made in which it is stated —"received of J. A. Guest by hands of E. E. Erwin." There is some proof in the record that Mrs. Guest told other parties that E. E. Erwin had paid for the property. However, we think this is immaterial.

Mrs. Guest lived on this property and ran a hotel up to a short time before her death in July, 1900. E. E. Erwin qualified as her administrator and took charge of her property, both real and personal. It appears that she owned this property and two other parcels of real estate.

E. E. Erwin rented this hotel property to J. F. Gray for a year or two, then he rented it to Sam Overton, but the record does not show the length of time that Overton kept it. In 1901 he rented this property to R. B. Polk and his wife for $33 per month and they retained the property until 1918 and paid $33 per month rent during the time, except that a few months rents were rebated on account of certain repairs made by the Polks. After the Polks left in 1918, he rented the property to a Mrs. Byrd, and to some other people, and later, W. P. Erwin rented it to a Mr. Riley. The record does not show the exact amount of rents collected during all these years as the property was rented to some of the parties for $25 per month, to others for $30 and to the Polks for $33 per month.

The record also shows that E. E. Erwin paid the taxes and insurance during all these years. The property was assessed for the years 1900 and 1901 to Mrs. J. A. Guest. In 1902 it was assessed to E. E. Erwin and for the years 1903 to 1914, it was assessed to E. E. Erwin, agent, and from 1914 to 1918 it was assessed to E. E.

Erwin, individually. The property was insured in the name of E. E. Erwin, as agent. During the time they had several fires and the property was damaged, and certain adjustments were made for the loss in the name of E. E. Erwin, as agent.

E. E. Erwin kept separate accounts of the rents in his ledger, and also kept a separate bank account of the rents deposited in the bank.

Mrs. Polk testifies that she and her husband made several requests at different times during their tenancy for certain repairs on the property, and that E. E. Erwin always refused stating that "the property belonged to five heirs."

There is no proof in the record that E. E. Erwin held this property adversely to the other tenants in common after the death of his mother. In fact, no witness testifies that he laid any such claims to the property during his life, other than that defendant, W. P. Erwin, states that he claimed the property. Neither his son, W. P. Erwin, nor his wife, Mrs. Lura L. Erwin testify to any conversations about adverse possession of E. E. Erwin during the whole time. In fact, W. P. Erwin testifies that he never talked to his father about it; that his grandmother had told him that his father had paid for the property and had paid the taxes and insurance and that the property would go to him, and he thought that this was sufficient. Evidently he did not attach much importance to the conversation with his grandmother as he attempted to negotiate a purchase of the complainants' interests in the property, but states that this had been abandoned after he had investigated his father's books and ascertained the amount of money that his father had advanced to the different parties, although he claims to have paid $50 as an advancement on their interest; hence, we are of the opinion that E. E. Erwin never claimed this property adversely to the other tenants in common, and that all the elements of adverse possession are absent, other than the collection and retention of the rents.

It is true that the complainants did not make any demand upon E. E. Erwin for possession or for their shares of the rents, but it takes something more than appropriation of the rents without an accounting to constitute adverse possession in order to perfect one's title by prescription. The mere silent, sole occupation by one tenant in common of the entire property, though he be claiming the whole estate and appropriating the whole rents, without an accounting to or claim by the others, without notice to his co-tenants that his possession is adverse, and unaccompained by some act which cannot amount to an exclusion and ouster of the co-tenant cannot be construed into an adverse possession. This ouster and exclusion may be effected by taking possession and affording actual

notice of a claim of sole ownership or by other positive and un-equivocal act that must by its nature put the other co-tenants upon no-tice that they are excluded from the possession. See, Drewery v. Nelms, 132 Tenn. 254.

"The doctrine of adverse possession is to be taken strictly, and must be made out by clear and positive proof and not by inference; every presumption being in favor of a possession in subordination to the title of the true owner. The possession of one tenant in common, as a general proposition, is the posses-sion of all. If one tenant in common enters upon the lands it will be presumed that he entered for all, and his entry and holding will continue as the possession of all, by construction, each having possession of the whole. To overturn this relation-ship or entirety of possession by all, there must be some plain demonstration that the party in actual possession has repu-diated the right of his co-tenants. There can be no adverse pos-session or disseissin by one tenant in common except by some act or conduct on his part which will produce an actual ouster of his co-tenants." See, Drewery v. Nelms, supra.

The fact that E. E. Erwin's wife and son could not state that he claimed the entire title illustrates the weakness of the contention that his co-tenants had notice of the adverse claim. The lapse of time and failure to account for rents may be explained by the fact that E. E. Erwin had advanced various sums of money at different times to the different co-tenants. In many instances he advanced much more than their share of the rents, and the total absence of evidence that he claimed to own this property and to hold it ad-versely to his co-tenants, is, we think conclusive that he did not intend to hold it adversely.

The fact that Mrs. Guest stated that he had paid for the property and that it would go to him cannot help defendant, W. P. Erwin, as Mrs. Guest did not execute any conveyance to him. We think that the fact that the property was insured in his name as agent and was assessed in his name as agent bears out the theory that he did not intend to claim the property adversely to the other co-tenants. Taking into consideration his payment of taxes and insurance and the advancements made, we think, bears out this theory; hence, we think that laches has no application to this case, and it results that we hold that the complainants are entitled to an one-fifth undivided interest in the property.

Some question is raised in complainants' brief as to the will of J. Hough Guest, and it is insisted that the will was never probated, and for this reason complainants are entitled to an interest in his share; whereas, the defendant insists that E. E. Erwin advanced $1,559.16 to J. Hough Guest which is largely more than his interest

is worth and that he devised his interest to E. E. Erwin in order to repay him.

Ordinarily, the probate of a will is the judicial determination of its character and validity as such and until it has been duly admitted to probate in the proper court, it is wholly ineffectual as an instrument of title. See 40 Cyc. 1225; 1380-1; Taylor v. Taylor, 2 Humph., 598; Pinkerton v. Walker, 3 Hayw., 221; State v. Lancaster, 119 Tenn., 651.

However, Judge Cooper held in the case of Trafford v. Young, 3 Cooper's Tenn. Chy., 500-1 that "at common law, a devise was good without probate of the will containing it, and that we have no statute in Tennessee to the contrary. Possession of land for the requisite time under a devise purporting to convey a fee is, by the very words of our statute of limitations sufficient to give a good title." But, be this as it may, this question is not raised and is not before us. The will was introduced and read in evidence without objection, and the complainants' assignment of error goes only to their one-fifth interest, that is, they say that the court erred in not decreeing that they are the owners of an one-fifth undivided interest in the property, and they are limited by their assignment of error. Hence, we hold that in the present state of the record and under the assignment of error complainants are not entitled to any interest in J. Hough Guest's share.

It results that we hold that W. P. Erwin is the owner of E. E. Erwin's one-fifth interest, and of Hiram Erwin's one-fifth interest and of J. Hough Guest's one-fifth interest, subject to the dower interest of his widow, Mrs. Maia Guest. There is no proof that Frank Erwin had conveyed his one-fifth interest to E. E. Erwin or to W. P. Erwin; therefore, the complainants collectively are entitled to an one-fifth interest, Frank Erwin to one-fifth, and W. P. Erwin to three-fifths interest in said property.

Now, with respect to the rents and to the advancements made, we hold that complainants are entitled to an accounting of the rents, but the record is not in condition for use to ascertain the exact amount so as to make a final decree as to the recovery of the rents; therefore, the cause is remanded to the chancery court of Maury county where proper orders will be entered referring the cause to the Master to take proof and report:

First, the exact amount of rents collected by E. E. Erwin and W. P. Erwin, each year from July 15, 1900 to this date.

Second, the exact amount of taxes, insurance and repairs paid out by E. E. Erwin and W. P. Erwin, on this property, each year since the death of Mrs. Jemima A. Guest in July, 1900, to this date.

**Third,** the exact amount of advancments made by E. E. Erwin to each of the complainants.

The Master may look to all proof on file as well as to any other evidence offered on the reference. We hold that the plea of statute of limitations filed by cross-defendants, Mrs. Zuccarello et al., does not apply to a case of this kind where there are mutual accounts and payments, and that each complainants or cross-defendant must account for all the advancements made to them by E. E. Erwin and W. P. Erwin, without interest. Complainant, Mrs. Zuccarello, is chargeable because she acknowledged the indebtedness and promised to pay in her letter of December 9, 1918, all of which will be deducted from the rents. We hold also that E. E. Erwin and W. P. Erwin are chargeable with the rents less taxes, insurance, and repairs paid out of the rents on this property. In other words, E. E. Erwin and W. P. Erwin are chargeable with only the net rents without interest, and the same is declared a lien on W. P. Erwin's interest in said property. See, Tyner v. Fenner, 4 Lea, 469; Omohondro v. Elkins, 109 Tenn., 716.

It results that the assignments of error are sustained and the decree of the Chancellor is reversed. The cause will be remanded to the chancery court of Maury county for an accounting of the rents, etc., as hereinabove ordered, and for a sale of the property for partition, under proper orders of the chancery court in accordance with this opinion. The cost of the appeal is adjudged against the defendant, W. P. Erwin, for which execution may issue. The cost of the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.