RIDGE *et al. v.* BRIGHT *et al.*

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

DANNEL & FOWLER, of Loudon, for George R. Ridge and others.

M. G. GOODWIN, of Lenoir City, for Carl Bright and others.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a contest over certain funds paid to the administrator of Will Grimes and his three minor unmarried children, Ruby, Johnnie and Claud, for their unlawful deaths. The four, accompanied by their wife and mother, Mrs. Jennie Lee Grimes, while riding in an automobile, were struck by a train as they were crossing the Southern Railway tracks near Loudon. The father and the two sons were killed instantly. The daughter lived a few hours. Mrs. Grimes, who was the last to die, lived about 24 hours. After their respective deaths the administrator of Mr. Grimes and the three children instituted suits against the railway, and by way of compromise received $1,250 for the death of Mr. Grimes and $500 for the death of each child, or $2,750 in all.

The question to be determined is whether the father and mother of Mr. Grimes, who are his next of kin, or the brothers and sisters of Mrs. Grimes, who are her next of kin, are entitled to said funds. To determine this question it is necessary to construe section 8243 of the Code, which originated with the Code of 1932, and was evidently incorporated therein for the purpose of meeting the decision of this court in *Lones* v. *McFall*, 152 Tenn., 239, 276 S. W., 866, wherein it was held that section 8242 of the Code did not provide for a survival

of the cause of action in favor of heirs of the beneficiary of the party wrongfully killed, where such beneficiary died before bringing suit. In other words, but for the section originating with the 1932 Code, the cause of action which accrued to Mrs. Grimes abated upon her death. These two sections of the Code should be construed together, since the latter is in effect an amendment to the former, and are as follows:

"8242. No suit for personal injuries or death from wrongful act, in any of the courts of this state, whether on appeal or otherwise, and whether in an inferior or appellate court, shall abate or be abated, because or on account of the death of the beneficiary or beneficiaries for whose use and benefit said suit was brought, and such suit shall be proceeded with to final judgment, as though such beneficiary or beneficiaries had not died, for the use and benefit of the next of kin of such deceased beneficiary.

"8243. Death of a primary beneficiary, after the death of one so injured and before suit is brought, shall not work a loss of cause of action, which shall be deemed to survive in behalf of those who, after such beneficiary, are the next of kin of such decedent."

Now, under the first section, where suit has been instituted, if, before trial, the beneficiary thereof dies, it does not abate, but shall proceed to judgment for the benefit of the next of kin of such deceased beneficiary. This statute does not provide that it shall be prosecuted for the benefit of the next of kin of the person who was wrongfully killed. This statute, as was pointed out in *Lones* v. *McFall, supra,* however, made no provision for a survival of the cause of action where the beneficiary died before suit was begun, and to meet this situation

the compilers of the Code provided that the cause of action shall "survive in behalf of those who, after such beneficiary, are the next of kin of such decedent"; meaning such decedent beneficiary, just as the preceding section provides that where the beneficiary dies after suit instituted it shall be prosecuted for "the use and benefit of the next of kin of such deceased beneficiary." The word "beneficiary" is implied. We can see no reason why the Legislature should provide in one case for the next of kin of the beneficiary to take, while if suit has not been instituted at the time of the death of the primary beneficiary the recovery instead of going to his or her next of kin shall go to the next of kin of the person who was wrongfully killed. In both cases the cause of action is given to the widow. It is a right or interest conferred upon her and in the event of her death either before or after suit brought we think the Legislature intended that her next of kin should succeed to her right.

The chancellor was in error, therefore, in sustaining the demurrer to the bill. It results that his decree will be reversed, and the cause remanded to be further proceeded with.