**James Gregory TIMMINS, Individually, and for the Benefit of all the Surviving Children of Janice Sue Timmins, Deceased**

v.

**Jerry LINDSEY, et al.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 7, 2009 Session.

Oct. 28, 2009.

Permission to Appeal Denied by Supreme Court March 15, 2010.

material when it quotes number 30, and refers to number 33 in general terms.

David M. Pollard, Jr., Jacksboro, Tennessee, for the appellant, James Gregory Timmins, Individually, and for the benefit of all surviving children of Janice Sue Timmins, Deceased.

Walter W. Bussart and Lee Bussart Bowles, Lewisburg, Tennessee, for the appellees, Jerry Lindsey, Gary Lindsey, Joseph Lindsey, and Mary Ann Owens.

## OPINION

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

Plaintiff appeals the determination of the trial court in a declaratory judgment action that the plaintiff was not entitled to any portion of settlement proceeds derived from the personal injury action of the plaintiff's deceased grandmother by operation of Tenn.Code Ann. § 20–5–111 and because of the existence of a will that excluded the plaintiff's mother from the decedent's estate. Finding error, we vacate the judgment of the trial court and remand for further proceedings.

## I. Background

This appeal stems from the filing of a declaratory judgment action on December 15, 2008, by the plaintiff,[1] individually as well as for the benefit of his siblings, seeking a declaration of "the parties' respective rights, obligations and other legal relations as they pertain to settlement proceeds derived from a cause of action seeking damages in tort and [as amended] for wrongful death" of Lela Lindsey.

Lela Lindsey, the injured party, had five children, one of whom was Janice Sue Timmins, the plaintiff's mother. Janice Sue Timmins died approximately three years before Ms. Lindsey's injury, which resulted from an overdose of medication given to her while she was a nursing home patient. In June 2006, following the injury, Ms. Lindsey's four surviving children, the defendants in the instant suit, brought a personal injury action against Franklin Senior Living Partners, LLC d/b/a Beacon Pointe Assisted Living ("Beacon Pointe") and Reeves–Sain Extended Care, LLC ("Reeves–Sain") as next friends of Ms. Lindsey as well as individually. During the pendency of the personal injury action, Ms. Lindsey died and the defendants amended the complaint to allege her wrongful death. A jury subsequently awarded damages for Ms. Lindsey's personal injuries, but found that those injuries were not the proximate cause of her death. The defendants, Beacon Pointe and Reeves–Sain subsequently mediated a confidential settlement.

Upon the filing of the declaratory judgment action, the trial court entered a temporary restraining order prohibiting the defendants, Beacon Pointe and Reeves–Sain from transferring, conveying, disbursing or otherwise disposing of the settlement proceeds from the personal injury action pending a conference call on December 17. The defendants filed an Answer on December 23, and a Rule 12.03, Tenn. R. Civ. P., Motion for Judgment on the Pleadings on December 31.

In an order entered on January 2, 2009, memorializing the December 17 conference

---

1. The parties will be referred to by their designations in the trial court.

call, the trial court ordered that the terms and obligations of the mediation settlement "should go forward as described in the mediation order with [Beacon Pointe and Reeves–Sain] paying the remaining balances of the settlement to Bussart Law Firm as scheduled. From those proceeds, Bussart Law Firm will escrow the sum of $94,000 in its trust account pending the resolution of the issues in this litigation." Beacon Pointe and Reeves–Sain were dismissed as parties and the remaining issues in the declaratory judgment action were reserved for further hearing. Following a hearing on January 26, the trial court found:

> [T]he Abatement and Survival of Action Statutes cited by the Plaintiff apply to all civil actions, but there is a distinction in the law between wrongful death actions and negligent actions as to the distribution of assets. The term "next of kin" properly denotes the person nearest of kindred to the deceased, that is, those who are the most nearly related by blood.

> The Court further finds that the jury in this tort case specifically found that this was a negligence action and not a wrongful death action. Therefore, the proceeds of the suit pass by the Will of the deceased. The Will awards the residual to the four (4) children, i.e., Jerry Lindsey, Gary Lindsey, Joseph Lindsey, and Mary Ann Owens. The deceased's child, Janice Sue Timmins, got the home and land associated therewith. She is not included in the proceeds of this negligent action.

> The Court further finds that T.C.A. § 20–5–111 confirms the Legislature's intent that the death of a beneficiary before the death of an injured parent works a loss of the cause of action.

The plaintiff appeals. He asserts the issues thusly:

1. Do the Abatement and Survival of Actions Statutes distinguish between injury resulting in death and personal injury actions in the manner in which damages are to be distributed to the decedent's next of kin?

2. In the context of the Abatement and Survival of Actions Statutes, does the phrase "next of kin" refer to those nearest in blood according to the line of consanguinity or those entitled to take under statutory distribution of decedent's estates?

3. Can personal injury proceeds be distributed according to the terms of an unproven will?

The defendants assert a fourth issue on appeal. They contend that the action should have been dismissed on the basis that the plaintiff failed to present a justiciable issue as he had not joined his father and two siblings, who, the defendants contend, are necessary parties.

## II. Standard of Review

A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." Tenn. R. Civ. P. 12.03. When a motion for judgment on the pleadings is made by the defendant, it is in effect a motion to dismiss for failure to state a claim upon which relief can be granted. *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn.Ct.App.1998). Such a motion admits the truth of all relevant and material averments in the complaint but asserts that such facts cannot constitute a cause of action. *Id.* In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion. *Cherokee Country Club, Inc. v. City of Knoxville*,

152 S.W.3d 466, 470 (Tenn.2004); *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000).

## III. Analysis

### *Justiciability*

■ The defendants contend that "this case should have been dismissed below on the procedural issue of non-joinder of necessary parties and the failure to present a justiciable issue." Specifically, the defendants argue that the plaintiff's two siblings as well as Janice Sue Timmins' surviving husband, Harry Timmins, are necessary parties since the plaintiff was seeking a declaration affecting their rights as heirs of Janice Sue Timmins and that because they were not made parties to the action either as plaintiffs or defendants, the action should be dismissed.

■ Because of the nature of declaratory relief, the Declaratory Judgments Act, Tenn.Code Ann. § 29–14–101 *et seq.*, "makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted." *The Huntsville Utility District of Scott County, Tenn. v. General Trust Co.*, 839 S.W.2d 397, 403 (Tenn.App.1992). Tenn.Code Ann. § 29–14–107(a) requires:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

*Id.* The statute, therefore, imposes stricter requirements than those imposed generally by the Tennessee Rules of Civil Procedure requiring the joinder of indispensable parties in all types of cases. *See e.g.*, Tenn. R. Civ. P. 19.01 and 19.02. Consequently, non-joinder of necessary parties is fatal on the question of a justiciable issue, which, in an action for declaratory judgment, is a necessary condition of judicial relief. *See Huntsville Utility*, 839 S.W.2d at 399 (citing *Wright v. Nashville Gas & Heating Co.*, 183 Tenn. 594, 598, 194 S.W.2d 459, 461 (1946)); *Powers v. Vinsant*, 165 Tenn. 390, 54 S.W.2d 938 (1932). This does not mean, however, that all persons who might be remotely affected need be joined. *Shelby County Bd. of Comm'rs v. Shelby County Quarterly Court*, 20 McCanless 470, 216 Tenn. 470, 392 S.W.2d 935 (1965).

■ Generally, the trial court has discretion to determine who should be made parties to proceedings for declaratory judgment as well as whether to grant or deny a declaratory judgment. *Huntsville Utility*, 839 S.W.2d at 399; *see Powers*, 54 S.W.2d at 938. Absent an abuse of that discretion, a declaration should not be disturbed on appeal. *Huntsville Utility*, 839 S.W.2d at 399 (citing *Southern Ry. Co. v. Atlantic Coast Line R. Co.*, 209 Tenn. 177, 182, 352 S.W.2d 217, 219 (1961); *Love v. Cave*, 622 S.W.2d 52, 55 (Tenn.Ct.App. 1981)).

At the hearing on the defendants' motion, the trial court ruled that the action was "properly before the Court," but explained that,

> if the Court was going to be concerned that Mr. Timmins' dec. [sic] action isn't properly filed because of the parties, I would probably give or I would give Mr. Timmins or Mr. Pollard I guess an opportunity to amend his dec. [sic] action. . . . I do believe it would be fatal if the Court had given Mr. Pollard the opportunity and he was incapable of do-

ing so or refused to do so, but the Court believes that the more proper method, the more fair method would be to give him leave to amend his complaint. . . . [T]he Court is not going to dismiss the Declaratory Judgment action based upon the procedural non joinder of parties. The Court is going to continue to consider Mr. Bussart's claim with regard to dismissing it on the substantive issues. . . .

We do not find that the trial court abused its discretion in not dismissing the case.

### Distribution of Settlement Proceeds

■ To varying degrees, both parties ask this Court to apply statutes governing wrongful death actions to the present facts. The plaintiff contends that, because the decedent's personal injury action was amended after her death to allege the additional claim of wrongful death, the distribution of the proceeds from the action should pass in the same manner as proceeds from a wrongful death action, that is, to the decedent's next of kin (which plaintiff claims to be) free from the claims of creditors. The defendants assert that the plaintiff is not entitled to any portion of the proceeds, contending that under Tenn. Code Ann. § 20–5–108 they are the only "next of kin" of Ms. Lindsey; they also contend that the decedent's purported will excludes the plaintiff's mother and, thus, the plaintiff and his siblings as her heirs. We do not agree that the wrongful death statutes apply; rather, the settlement proceeds from the decedent's personal injury action are part of the decedent's estate and

pass either by will, if there is one, or by the laws of intestate succession.

■ At common law, when a party to an action died while the case was pending the action abated. Tenn.Code Ann. § 20–5–101 abrogates the common law rule by providing that causes of action do not abate by the death of either party; this statute is a "survival statute" that permits the decedent's cause of action to survive the death, so that the decedent, through his or her estate, recovers damages that would have been recovered by the decedent had he or she lived to the resolution of the case. See Jordan v. Baptist Three Rivers Hosp., 984 S.W.2d 593, 597 (Tenn. 1999) (citing Sea–Land Services, Inc. v. Gaudet, 414 U.S. 573, 575 n. 2, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974)). Because the survival statute abrogates the common law rule, the statutory method for preserving either an existing action or a vested cause of action not yet commenced must be strictly followed. See Preston v. Golde, 80 Tenn. 267, 12 Lea 267–275 (1883); McDonald v. Nashville, 114 Tenn. 540, 86 S.W. 317, 318 (1904).

■ Tennessee's wrongful death statutes, Tenn.Code Ann. §§ 20–5–106—113, are also survival statutes; they are distinguished, however, from the other survival statutes because, in addition to preserving whatever cause of action was vested in the decedent at the time of death, they also create a new cause of action that compensates survivors of the decedent for their losses.[2] See Jordan, 984 S.W.2d at 598.

**2.** The evolution of the codification of the general survival statutes and the wrongful death statutes further clarifies this distinction. The survival statutes now codified as Tenn.Code Ann. §§ 20-5-101—105 and 114—120 were originally enacted in Tennessee's first official code as the Code of 1858 §§ 2845—2861 being derived in part from the Acts of 1785 when Tennessee was still part of North Car-

olina. While some of the survival statutes then in force have subsequently been repealed and a few new ones have been added, none of the wrongful death statutes share this legislative derivation. By contrast, the wrongful death statutes, Tenn.Code Ann. §§ 20-5-106—113, were originally enacted as the Code of 1858 §§ 2291—2293 being derived in part from the British Parliament's enactment

Tennessee courts have long held that the wrongful death statutes, because of their "hybrid" nature, must be construed with reference to one another. *See Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn.Ct.App. 1991). Courts have also held that in order for the wrongful death statutes to apply, the victim must have died as a result of his or her injuries. *See e.g., Willis v. Heath*, 21 Tenn.App. 179, 107 S.W.2d 228 (1937) (widow could not bring an action to recover for the negligent injury of her deceased husband where it appeared that such injuries were not a contributing cause of his death); *Daniel v. East Tenn. Coal Co.*, 105 Tenn. 470, 58 S.W. 859, 860 (1900); *Nashville v. Reese*, 138 Tenn. 471, 197 S.W. 492 (1917).

The plaintiff asserts that he is entitled to share in a portion of the decedent's personal injury action proceeds because Tenn.Code Ann. §§ 20–5–102, –106 and – 108, construed together, direct that the funds recovered pass to the next of kin free from the claims of creditors and that he qualifies as decedent's next of kin for the purposes of distribution under Tenn. Code Ann. §§ 20–5–106 and –108. Plaintiff's reading of the statutes in conjunction would provide that **any** civil action commenced wherein a party dies should proceed as an action for wrongful death under Tenn.Code Ann. § 20–5–106 and that **any** proceeds should, therefore, be distributed

in the same manner as proceeds from a wrongful death action. This interpretation, however, does not comport with the purpose and plain language of Tenn.Code Ann. § 20–5–102.

Tenn.Code Ann. § 20–5–102 [3] directs the procedural steps to be followed when a party dies. The first phrase in § 20–5–102 addresses how an existing action is to be preserved upon the death of a party—by revival. The manner in which a pending action is to be revived is then provided for at Tenn.Code Ann. §§ 20–5–103 (causes surviving death of tort-feasor), –104 (revival by or against heirs) and –105 (revival by or against successor in interest). The remainder of § 20–5–102, beginning after the first semi-colon, provides the procedural steps to be taken when a person who has suffered some wrong dies before he or she was able to commence a cause of action. The statute provides that the right of action passes in the "same manner" as the right of action described in Tenn.Code Ann. § 20–5–106; in other words, the right of action goes to the same person as designated in the statute. Tenn.Code Ann. §§ 20–5–102–105 address only the procedural steps that must be taken to preserve a cause of action, whether already commenced or vested in the decedent but not yet commenced.

Both parties contend that the particular facts of this case make Tenn.Code Ann.

of Lord Campbell's Act in 1846. The general survival statutes and the wrongful death statutes continued to be codified separately, *see e.g.,* survival statutes codified as Shan.Code §§ 4568—4581 in 1896 and Code 1932 §§ 8693—8706; wrongful death statutes codified as Shan.Code §§ 4025—4029 and Code 1932 §§ 8236—8240, until the Tennessee Code Annotated was first enacted in 1955 codifying them in the same chapter. *See e.g.,* survival statutes codified as T.C.A. (Orig. ed.) §§ 20–601—606 and 616—626; wrongful death statutes codified as T.C.A. (Orig. ed.) §§ 20–607—614.

3. Tenn.Code Ann. § 20–5–102 provides:

No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20–5–106.

Tenn.Code Ann. § 20–5–102.

§ 20–5–108 applicable. Tenn.Code Ann. § 20–5–108 provides as follows:

(a) If the deceased had commenced an action before the deceased's death, it shall proceed without necessity of revivor.

(b) The damages shall go to the surviving spouse and next of kin free from the claims of creditors.

Tenn.Code Ann. § 20–5–108. The plaintiff contends that, since Ms. Lindsey's action commenced before her death, the damages received from the action go to her "next of kin" and that "next of kin" under the statute includes heirs who are not of equal degree. Defendants, on the other hand, contend that "next of kin" as used in the statute only includes those nearest in degree of kinship to the decedent. Again, both parties' reliance on a wrongful death statute is misplaced.

It has long been held that Tenn.Code Ann. § 20–5–108, the language of which has not changed in any meaningful way since its enactment in 1858, only applies when two essential elements are met: (1) injury resulting in death and (2) the existence of the designated beneficiary, i.e., widow or next of kin. *Daniel v. East Tenn. Coal Co.*, 105 Tenn. 470, 58 S.W. 859, 860 (1900) (if either of the essential elements is wanting, the statute does not authorize the prosecution of a deceased plaintiff's suit without revivor, nor, indeed, does it authorize the revivor of such a suit). Since the jury found that Ms. Lindsey's injury did not result in her death, the wrongful death statutes do not apply. Because we have determined that Tenn.Code Ann. § 20–5–108 does not apply in this case, it is not necessary to address the parties' competing interpretations of "next of kin" as used in the statute.

 Plaintiff also contends that "[t]he Legislature did not intend to make proximate cause the determinative factor in the manner of distribution of funds recovered in an action commenced by a decedent" as such an interpretation would be unfair as well as "unnecessarily complicated." We do not read the statutes as reflecting such intent and do not discern unfairness or unnecessary complications in the application of the directives as set forth in the statutes. The right of recovery for wrongful death is entirely a creation of statute and exists "in favor of the survivors of the victim for *their* loss occasioned by the death." *Jordan, supra.,* at 597 (citing *Recovery for Wrongful Death* at § 1:13; William T. Gamble, *Actions for Wrongful Death in Tennessee,* 4 Vand. L.Rev. 289, 290 (1950) (emphasis in original)). The wrongful death action is separate and distinct from an action to recover for personal injuries where, through happenstance, the plaintiff dies; the wrongful death action has statutory provisions that are unique to it. *See, e.g.,* Tenn.Code Ann. §§ 20–5–106–113;[4] *Gipson v. Memphis Street Railway Co.,* 51 Tenn.App. 31, 364 S.W.2d 110 (1962). There is nothing inconsistent, complicated or unfair in providing that the nature and manner of recovery for an act which produces an injury is different based upon whether the victim dies from the injury. The Tennessee Rules of Civil Procedure allow for pleading alternative theories of recovery and it is appropriate for a claim for personal injuries to also include, in the appropriate circumstance, a claim for wrongful death.

---

4. For example, Tenn.Code Ann. § 20–5–113 describes the damages recoverable in wrongful death. These damages consist of two classes: the first consisting of damages purely for the injury to the deceased and the second consisting of incidental damages suffered by the widow, children, or next of kin from the death. *See Davidson Benedict Co. v. Severson,* 109 Tenn. 572, 72 S.W. 967, 977 (1903); *Jordan,* 984 S.W.2d at 598.

*See* Tenn. R. Civ. P. 8.01; *Rolen v. Wood Presbyterian Home, Inc.*, 174 S.W.3d 158, 161–62 (Tenn.Ct.App.2005); *see also Gipson, supra.* (suggesting that a survival claim for personal injuries and a wrongful death claim could be brought in the same action so long as the personal injury action was properly revived).

Here, the jury found liability and awarded damages for personal injuries rather than wrongful death. The damages awarded did not include damages that a party would be entitled to recover if it were proven that the decedent died from the injuries sustained. Consequently, the manner of distribution provided for in the wrongful death statutes, specifically Tenn. Code Ann. §§ 20–5–106 and –108, is inapplicable to this case. Since the recovery was only for the decedent's personal injuries, the proceeds of the settlement could not, as the plaintiff contends, be distributed as a recovery for wrongful death; instead, they are part of the decedent's estate.

■■■■ We also note that the trial court found that "T.C.A. § 20–5–111 confirms the Legislature's intent that the death of a beneficiary before the death of an injured parent works a loss of the cause of action." [5] Consistent with our earlier holding that the wrongful death statutes only apply where an injury results in death, Tenn.Code Ann. § 20–5–111 does not apply to the facts here, since, as found by the jury, Ms. Lindsey did not die from her injuries. Moreover, Tenn.Code Ann. § 20–5–111 should be read in conjunction with § 20–5–112 and the purpose of the two statutes, read together, is to provide that causes of action vested or suits instituted to recover for wrongful death are not abated by the death of a beneficiary as enumerated in Tenn.Code Ann. § 20–5–106, i.e., the widow and next of kin. *See Ridge v. Bright*, 172 Tenn. 87, 110 S.W.2d 312, 313 (1937); *Lones v. McFall*, 152 Tenn. 239, 276 S.W. 866 (1925).

■■■■ The defendants contend that the settlement proceeds should be distributed in accordance with a document that the defendants propound is the decedent's will. This alleged will, however, has not been probated. Until a document is probated as a will in accordance with the applicable statutes it has no legal effect. *See, e.g,* Tenn.Code Ann. § 32–2–101; *Boatman v. Morrison*, 746 S.W.2d 706, 709 (Tenn.Ct. App.1987) (citing *Weaver et al. v. Hughes*, 26 Tenn.App. 436, 173 S.W.2d 159 (1943)); *In re Estate of Boote*, 198 S.W.3d 699, 711 (Tenn.Ct.App.2005); *see also Zuccarello v. Erwin*, 2 Tenn.App. 491 (1926) (a judicial determination of the character and validity of a written instrument as a testamentary devise is determined only upon offering the document for probate in the proper court). There being no estate opened and no will admitted to probate, the proceeds of the personal injury action pass in accordance with the laws on intestate succession. *See* Tenn.Code Ann. §§ 31–2–101 and 104.

Whether the proceeds of the personal injury action may be disbursed without the administration of the decedent's estate or without obtaining a release from the Bureau of TennCare is not before this court; thus, we make no ruling in that regard. We do, however, recommend the trial court, the parties and counsel who is holding the proceeds in trust consider whether the estate must be opened and/or whether

---

**5.** Tenn.Code Ann. § 20–5–111 provides that "[d]eath of a primary beneficiary, after the death of one so injured and before suit is brought, shall not work a loss of cause of action, which shall be deemed to survive in behalf of those who, after the beneficiary, are the next of kin of the decedent."

a release must be obtained from TennCare before the proceeds may be disbursed. *See In Re: Estate of Martha M. Tanner,* 295 S.W.3d 610 (Tenn.Ct.App.2009).

## IV. Conclusion

Accordingly, the declaration of the trial court in that the proceeds of the personal injury action pass to the defendants under the purported will of Lela Lindsey and order directing that the proceeds be distributed to the defendants is vacated. The case is remanded for further proceedings in accordance with this opinion.

Costs of the appeal are divided equally between the parties.