IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, February 23, 2010

## STANLEY FINNEY, v. TENNESSEE DEPT. OF CORRECTION, et al.

**Appeal from the Chancery Court for Johnson County**
**No. 6227     Hon. G. Richard Johnson, Chancellor**

**No. E2009-01111-COA-R3-CV - FILED MAY 4, 2010**

Petitioner, a prisoner, filed a Common Law Writ of Certiorari in the Chancery Court, alleging that he had been illegally disciplined while incarcerated. Respondents agreed that the writ should be granted and thereafter they filed a Motion to Dismiss the action. The Trial Judge dismissed the writ and petitioner has appealed. On appeal, petitioner argues that the allegations set forth in his petition must be taken as true under the Rules of Civil Procedure. The factual allegations pled by petitioner, when taken as true, state a cause of action. We therefore vacate the Order of Dismissal and remand for further proceedings.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Stanley Finney, Mountain City, Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter,
Michael E. Moore, Solicitor General, and
Kellena Baker, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction and George Little.

## OPINION

Petitioner, Stanley Finney, *pro se*, filed a Petition for a Common Law Writ of

Certiorari, alleging that he received an arbitrary and illegal disciplinary conviction while housed at the Brushy Mountain State Penitentiary. He alleged he was accused of putting up a gang sign (i.e. three fingers in the air) by a prison guard and was taken before the disciplinary board for "security threat group activity". Petitioner alleged he told the board that he was not putting up a gang sign, but actually made the "peace" symbol to another inmate, and that neither of them were gang members.

Petitioner alleged that his inmate advisor submitted a witness request form on petitioner's behalf on the day before the hearing as TDOC policy requires, but the hearing officer gave it back to the advisor, stating, "we'll see what the Lieutenant has to say tomorrow." He further alleged that the following day at the hearing, he asked for his witness to be allowed to testify before the board in his defense, but the board refused, stating they could read his statement. The board convicted petitioner of the infraction, and he appealed to the warden, who denied his appeal. He then appealed to the commissioner, who denied his appeal.

Petitioner asserts that he was given a $5 fine, and also lost 16 sentence reduction credits.

Petitioner attached the disciplinary report, which states that when he was entering the chow hall, he was observed flashing gang signs by Lt. Caldwell, who confronted petitioner. Lt. Caldwell reported that petitioner said he would not do it anymore, which Lt. Caldwell deemed an admission, and he was charged with participation in security threat group activity. He also attached his appeal sheet with his denial of the charge, and the witness request sheet, wherein he lists Perley Winkler as a witness, and stated that Winkler would testify that petitioner was "throwing me a peace sign when he was coming through the chow line". Petitioner also filed the requisite inmate affidavit.

Respondents filed a Notice stating that they did not oppose the granting of a writ of certiorari, and the writ was granted.

Respondents filed a copy of the administrative record of the disciplinary proceedings, and then filed a Motion for Judgment on the Record, asserting that the disciplinary board did not act illegally, fraudulently, or arbitrarily, that the evidence of the reporting official was sufficient to support the violation, and there was nothing in the record to show that petitioner actually filed the witness request form before or at the hearing.

Petitioner filed a response, but the Trial Court granted respondents' Motion, finding that the board relied on sufficient evidence, and the board did not deviate from TDOC policy in failing to call petitioner's witness, because no witness request form appeared in the record.

On appeal, petitioner raises the issue that the Trial Court erred in granting respondents' Motion for Judgment on the record.

The motion filed by respondents is addressed in Tenn. R. Civ. P. 12.03, which states that a motion for judgment on the pleadings may be filed "after the pleadings are closed but within such time as not to delay the trial." Tenn. R. Civ. P. 12.03. As this Court has recognized:

> When a motion for judgment on the pleadings is made by the defendant, it is in effect a motion to dismiss for failure to state a claim upon which relief can be granted. Such a motion admits the truth of all relevant and material averments in the complaint but asserts that such facts cannot constitute a cause of action. In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion. Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness.

*Timmins v. Lindsey*, 2009 WL 3486633 (Tenn. Ct. App. October 28, 2009)(citations omitted).

In this case, petitioner alleged in his petition that his inmate advisor gave the witness request form (requesting that Perley Winkler be allowed to testify at the hearing) to the disciplinary board chairman, Sgt. Larry Ward, on the day before the hearing. Petitioner alleged that Ward read the expected testimony of Winkler contained on the form and then gave it back to the inmate advisor, stating "we'll see what the Lieutenant has to say tomorrow." Petitioner further alleged that the next day at the hearing, he requested that his witness be allowed to testify, and that Ward refused, stating that they could read the expected testimony from the form. Petitioner alleged that the board members read the form and handed it back to him, never even noting that it was submitted. He alleged that this prejudiced him in his appeals, because his evidence was not able to be considered.

As both parties concede, the scope of review under a common law writ of certiorari is very narrow, and only allows an inquiry into whether the board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *See Powell v. Parole Eligibility Rev. Bd.*, 879 S.W.2d 871 (Tenn. Ct. App. 1994). "[I]t is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a lawful manner, then the decision would not be subject to judicial review." *Id.* at 873. Both parties also concede that deviations from TDOC policy "will warrant dismissal of the disciplinary offense if the prisoner demonstrates 'some prejudice as a result and the error would have affected the disposition of the case.'" *Willis v. Tenn. Dept.*

*of Corr.*, 113 S.W.3d 706, 713 (Tenn. 2003). A prisoner seeking judicial review of a prison disciplinary proceeding "states a claim for relief under common-law writ of certiorari if the prisoner's complaint alleges facts demonstrating that the disciplinary board failed to follow the Uniform Disciplinary Procedures and this failure substantially prejudiced the petitioner." *Id.* The *Willis* Court went on to state:

> The Uniform Disciplinary Procedures provide the principal means of ensuring that disciplinary proceedings are fair, reliable, and impartial. The integrity of disciplinary systems is important to the stability of a corrections program. If the Tennessee Department of Correction were to violate its own policies to such a degree that it administered punishment without a reliable determination of guilt, such a violation would be without legal authority and an abuse of discretion. Accordingly, we hold that the petition states a cause of action with respect to its allegations that the disciplinary board violated its own rules and policies and that the petitioner was substantially prejudiced thereby.

*Id*. at 714.

TDOC policy states that inmates have the right to present the testimony of relevant witnesses, "unless allowing the witness to appear would pose a threat to institutional safety or order." TDOC policy 502.01. This policy goes on to state that if an inmate wishes to have a witness testify, he must complete a witness request form and submit it to the hearing officer at least 24 hours prior to the hearing. The hearing officer must then indicate on the form whether the request is approved or denied, and if denied, the specific reasons for said denial must be listed on the form. *Id.* TDOC policy states that even if an inmate fails to file the proper request form prior to the hearing, the hearing officer can still allow the witness to testify. *Id.* The policy also states that an inmate may submit a written witness statement when the personal appearance of a witness has been denied. *Id.*

Here, the petitioner alleged that he did all of these things, i.e. he submitted a witness request form the day before the hearing, and the hearing officer looked at it and then gave it back without noting whether it was approved or denied, nor stating the reasons for a denial. Petitioner alleged that he again requested that his witness be allowed to testify at the hearing, but his request was denied. Petitioner further alleged that his witness' expected testimony was not made a part of the record even though he submitted it, and that there was nothing put in the record to show that he actually submitted it. Respondents argue, and the trial court found, that the administrative record does not show that petitioner ever submitted the witness request form, but this does not disprove petitioner's version of the events, as he alleged that the form was submitted but not properly accepted by the board nor put into the record.

Since this case was based on a motion for judgment on the pleadings, we must take as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion, i.e. petitioner. *See Timmins*. We must, therefore, accept as true that petitioner submitted the form properly, but that the hearing officer improperly refused to accept the form, and also did not properly note whether the request was accepted or denied, nor any reasons for denial. We must also accept as true that plaintiff made his request again at the hearing but was denied, still without the proper notations being made on the form, and that the form was never properly put into the record as it was required to have been.

Taking the allegations as true, as we must, it is clear that TDOC policy was not followed in this case, and that the deviation therefrom deprived petitioner of his ability to present a witness to testify in his defense, which could have affected the outcome of his case. Petitioner was also denied the ability to preserve the witness' testimony in the record by the filing of a written statement, which could also have affected the outcome of his administrative appeals. As such, we conclude that petitioner was denied a fair hearing and that his rights were violated.

We hold that taking the petitioner's allegations as true, TDOC policy was violated and the Trial Court erred in granting judgment for the respondents and failed to properly evaluate petitioner's allegations in the context of a Rule 12 motion.

Accordingly, we vacate the Judgment of the Trial Court and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to respondents.

_____
HERSCHEL PICKENS FRANKS, P.J.