# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
May 11, 2011 Session

## DR. WILLIAM P. HARMAN v. UNIVERSITY OF TENNESSEE

**Appeal by Permission from the Court of Appeals, Western Section**
**Chancery Court for Hamilton County**
**No. 08-0698     Howell N. Peoples, Chancellor**

_____

**No. E2009-02139-SC-R11-CV - Filed September 16, 2011**

_____

JANICE M. HOLDER, J., dissenting.

I respectfully dissent from the conclusion of a majority of this Court that the plaintiff's pleadings are insufficient to withstand a motion for judgment on the pleadings as to the element of termination.

A trial court must consider a motion for judgment on the pleadings for failure to state a claim in a manner similar to consideration of a motion to dismiss for failure to state a claim. Timmins v. Lindsey, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009); Cf. Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 375 (Tenn. 2008). When a defendant files a motion to dismiss for failure to state a claim, the issue is whether the complaint is legally sufficient. Webb v. Nashville Area Habitat for Humanity, Inc., ___ S.W.3d ___, ___, 2011 WL 2905584, at *2 (Tenn. 2011).

A Tennessee Public Protection Act claim requires the plaintiff to allege that he was discharged or terminated. Tenn. Code Ann. § 50-1-304(b) (Supp. 2010). Dr. Harman's complaint satisfies this statutory requirement by alleging that he was terminated as Department Head. Paragraph 17 of the complaint states:

> Plaintiff refused to resign or to remain silent regarding Welsh's academic fraud. Plaintiff was then informed that he would be terminated as Department Head at the end of the academic year. This termination was based on Plaintiff's refusal to alter official documents or remain silent as to the academic fraud and professional malfeasance which was perpetrated on the University and the citizens of the State of Tennessee.

(Emphasis added.). In its answer, UT Chattanooga admitted that the second sentence of this allegation is true.

The majority opinion expends considerable effort in construction of the language of the statute and in distinguishing "demotion" and "discrimination" from "termination." The majority opinion then affirms the dismissal of the complaint by characterizing the change in Dr. Harman's terms of employment as a demotion or discrimination rather than as the termination he alleges. The majority reaches this conclusion on the basis that Dr. Harman remains employed as a tenured university professor after being terminated as the Department Head.

By characterizing the change of employment status of Dr. Harman as a "demotion," the majority has made a factual determination based on facts not contained in the pleadings. A judgment on the pleadings is restricted to allegations in the pleadings alone. Cf. Highwoods Properties, Inc. v. City of Memphis, 297 S.W.3d 695, 700 (Tenn. 2009). Moreover, in reviewing the allegations contained in the pleadings, a court must consider the allegations in a light most favorable to the non-moving party. McClenahan v. Cooley, 806 S.W.2d 767, 769 (Tenn. 1991); see Satterfield, 266 S.W.3d at 352 & n. 1. In this case, Dr. Harman alleged, and the defendant admitted, that Dr. Harman was told he would be "terminated as Department Head."

Dr. Harman's case ultimately may not succeed at trial or even survive a motion for summary judgment. In the face of a motion for judgment on the pleadings for failure to state a claim, however, the strength and likely success of a plaintiff's claim is not our concern. Highwoods Properties, Inc., 297 S.W.3d at 700. We need consider only whether the allegations in the complaint are sufficient to allege a cause of action. Dr. Harman has alleged that he was terminated as Department Head and the defendant has admitted this fact. The complaint therefore is sufficient to allege termination.[1]

I respectfully dissent.

_____
JANICE M. HOLDER, JUSTICE

---

[1]Because the majority has determined that termination did not occur, it does not address the requirement that the plaintiff allege that he was terminated for refusing to remain silent about illegal activities.