IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2005 Session

## DEMPSEY AUSLEY v. FERRELL SHAW, ET AL.

**Direct Appeal from the Circuit Court for Sumner County**
**No. 22970-C    C. L. Rogers, Judge**

_____

**No. M2004-02244-COA-R3-CV - Filed November 9, 2005**

_____

This case arises from alleged defamatory statements made by Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. against Plaintiff Dempsey Ausley. The alleged statements were made subsequent to Ausley's termination as Pastor of Parker's Chapel Missionary Baptist Church in Portland, Tennessee. Plaintiff sued the three Defendants asserting claims of slander. The trial court dismissed Plaintiff's claims under Tenn. R. Civ. P. 12.02(1) after finding that it lacked subject matter jurisdiction to hear the claims because they were too closely entangled with Plaintiff's termination as pastor, which is an ecclesiastical matter of the church. Plaintiff appealed. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and WILLIAM H. INMAN, SR. J., joined.

Martin D. Holmes, Nashville, Tennessee, for the appellant, Dempsey Ausley.

Renard A. Hirsch, Sr., Nashville, Tennessee, for the appellees, Ferrell Shaw, Emma Shaw, Odell Lightfoot, Bernice Lightfoot, David Smith, Vanessa Smith, Charles Pagett, Jr., Carlos Coakley, Lorie Coakley, Evelyn Banks, Larry Banks and Glenda Brewer.

**OPINION**

*FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This suit followed the termination of Plaintiff Dempsey Ausley ("Plaintiff") as Pastor of Parker's Chapel Missionary Baptist Church ("the Church") in Portland, Tennessee. There are thirteen defendants in this case: Ferrell Shaw, Emma Shaw, Odell Lightfoot, Bernice Lightfoot, David Smith, Vanessa Smith, Fayola Pagett, Charles Pagett, Jr., Carlos Coakley, Lorie Coakley, Evelyn Banks, Larry Banks, and Glenda Brewer (collectively referred to as "Defendants").

However, this appeal focuses specifically upon Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. Defendants are all members of the Church and some were church deacons and officers. The Complaint alleges that on March 4, 2002, the Defendants attended a meeting at which a decision was made to terminate Plaintiff's position at the Church. As a result, on March 5, 2002, a termination letter was sent to Plaintiff stating:

> Effective Monday, March 4, 2002[,] your pastoral services with Parker's Chapel Baptist Church was terminated. The cause being the body of the church and the deacons feel that your teachings are not in line with the Baptist Doctrine. This decision was made with much prayer and discussion.
>
> You have received advanced pay through Sunday, March 10, 2002. In addition, this includes your salary for Sunday, March 3, 2002[,] for which you did not hold service.

This letter was signed by Defendants Ferrell Shaw, Odell Lightfoot, Jr. and Carlos Coakley and was sent to Church members as well as some people in the community. Subsequent to the Plaintiff's receipt of the termination letter, a verbal altercation occurred at which Defendants David Smith, Vanessa Smith, Fayola Pagett, and Charles Pagett, Jr. allegedly made defamatory statements about Plaintiff. Specifically, both Defendants David Smith and Charles Pagett, Jr. called Plaintiff a "witch doctor." Furthermore, Defendant David Smith also called Plaintiff a "voodoo preacher," Defendant Vanessa Smith referred to Plaintiff as a "dog," and Defendant Fayola Pagett stated that Plaintiff was "not a preacher." These statements were allegedly made outside the confines of the Church and in front of other Church members, local law enforcement, and members of the Portland community.

As a result of the above actions, Plaintiff filed suit against the Defendants seeking compensatory and punitive damages for libel, slander, and assault.[1] Specifically, Plaintiff asserted libel claims against all Defendants in connection with his termination letter. He also asserted slander claims against Defendants David Smith, Vanessa Smith, Fayola Pagett, and Charles Pagett, Jr. for their verbal comments. In response to Plaintiff's suit, the Defendants filed a Motion to Dismiss citing the following grounds:

1.      The complaint fails to state a claim upon which relief can be granted.

2.      The court does not have subject matter jurisdiction.

3.      Civil Court inquiry into the allegations raised in the complaint would create an excessive entanglement of the State in Church affairs, in violation of the First Amendment of the United States Constitution and Article One Section Three of the Constitution of the State of Tennessee.

---

[1]The assault claim was made against a Defendant not a party to this appeal. As a result, we do not address it.

4. Civil Secular Courts do not have jurisdiction to review subjective judgments made by Church officials and bodies regarding the performance and termination of its ministers.

5. The case can not be decided on neutral principles of law.

The trial court partially granted Defendants' Motion under Tenn. R. Civ. P. 12.02(1) after finding that it lacked subject matter jurisdiction to hear matters involving ecclesiastical workings of churches. Specifically, the court found the termination of clergy to constitute an inner ecclesiastical function which is not reviewable by courts, and thus dismissed all claims arising from the Defendants' acts of voting for termination and subsequently sending the termination letter. The court also dismissed Plaintiff's additional claims of slander against David Smith, Vanessa Smith, Fayola Pagett, and Charles Pagett, Jr. because it held that such claims were "too closely entangled in the termination of the pastor decision to be segregated and treated as a simple civil wrong." Plaintiff later took a voluntary dismissal without prejudice as to the remaining Defendants, thus making the judgment final.[2] On appeal, Plaintiff does not challenge his termination as Pastor. He appeals only the dismissal of his slander claims against David Smith, Vanessa Smith and Charles Pagett, Jr.[3]

## ISSUES PRESENTED

We interpret the issue in this case to be whether the trial court erred in dismissing Plaintiff's slander claims against Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. after finding that such claims were beyond the jurisdiction of the court because they were too closely entwined with the decision of the Church to terminate Plaintiff as pastor.

## STANDARD OF REVIEW

In considering an appeal from a motion to dismiss, we liberally construe the complaint in favor of the plaintiff, accepting all allegations of fact as true. *Cook v. Spinnaker's of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn. 1994). This Court's standard of review on issues of law is *de*

---

[2]The trial court's Order partially granting the Defendants' Motion to Dismiss was filed on August 14, 2002. Subsequently, an Order of Voluntary Dismissal was entered on behalf of Plaintiff on August 9, 2004. The parties are in agreement that the Order Voluntary Dismissal was intended to be as to the remaining Defendants in this suit. In addition, the Notice of Appeal recites that the dismissal was as to the remaining Defendants, thus making the Order entered on August 14, 2002, a final judgment for the purposes of this appeal. In reviewing the record, we note that the Order of Voluntary Dismissal filed August 14, 2004, does not limit the dismissal to certain Defendants, but purports to dismiss the entire lawsuit. In the interest of judicial economy and in keeping with the understanding of the parties, upon remand, the parties to this appeal shall present to the trial court an order amending the Order of Voluntary Dismissal filed August 9, 2004.

[3]A Suggestion of Death was filed on October 18, 2004, with respect to Fayola Pagett. The record does not disclose that a motion for substitution was filed. *See* Tenn. R. Civ. P. 25.01.

*novo,* with no presumption of correctness accorded to the trial court's determinations. *See Bowden v. Ward,* 275 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P 13(d) (2005).

## *ANALYSIS*

On appeal, Plaintiff argues that the trial court erred in granting Defendants' Motion to Dismiss as to the defamation claims against David Smith, Charles Pagett, Jr., and Vanessa Smith. Specifically, Plaintiff asserts that the court erred in finding that the comments made by the three Defendants were too closely entangled with the decision to terminate Plaintiff's employment to treat them as a civil wrong, thus upholding the principal that Courts may not delve into matters involving the operation of the church. Rather, Plaintiff argues that his being called a "witch doctor" and a "dog" in the case at bar goes beyond any protection afforded under this doctrine. We agree.

Tennessee Courts have long recognized that civil courts have no jurisdiction over inner ecclesiastical matters of the church. *Lewis v. Partee*, 62 S.W. 328, 333 (Tenn. 1901). Thus, "[i]n matters involving 'discipline, faith, internal organization, or ecclesiastical rule, custom or law' the civil courts are bound to accept the decisions of a religious organization." *Tidman v. Salvation Army*, No. 01-A-01-9708-CV00380, 1998 WL 391765, at *5 (Tenn. Ct. App. July 15, 1998) (*no perm. app. filed*). This is so even if the actions of the religious entity are procedurally flawed. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976). "However, not all actions of church officials are free from state interference." *Tidman*, 1998 WL 391765, at *5. Specifically, tort claims are not always granted the same degree of protection under the First Amendment. *Id.* at *6. In cases involving defamation torts by church officials, Tennessee courts must look at whether the slanderous or libelous statements were made during the course of an ecclesiastical undertaking. If made during an ecclesiastical undertaking, such as the discipline or removal of a pastor, then such actions may be found "too close to the peculiarly religious aspects of the transactions to be segregated and treated separately - - as simple civil wrongs." *Tidman*, 1998 WL 391765, at *6 (citing *Higgins v. Maher*, 210 Cal. App. 3d. 1168, 1176 (Cal. App. 1989)). However, if done apart from any ecclesiastical undertaking, no protection may be afforded under the First Amendment, thus subjecting churches to civil liability. *See Tidman*, 1998 WL 391765, at *6-7 (citations omitted).

The trial court in this case relied heavily upon *Tidman* in holding that the actions of Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. were too entangled with Plaintiff's termination as Pastor to constitute a separate civil wrong. However, we find *Tidman* distinguishable from the case at bar. In *Tidman*, the Tidmans sued The Salvation Army in tort for tortious conduct undertaken by Salvation Army officers during investigation into Mr. Tidman's fitness to work for the organization. In dismissing the claim under Tenn. R. Civ. P. 12.02(1), the trial court found that

-4-

[i]n this case, all the allegations of wrongdoing involved conduct that occurred *in the course of an investigation concerning Mr. Tidman's fitness to fill an office in The Salvation Army.* This is a peculiarly ecclesiastical undertaking, and it involves The Salvation Army's beliefs and core values.

*Tidman*, 1998 WL 391765, at *7 (emphasis added). In the case at bar, Plaintiff alleges that the conduct of Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. did not occur in the course of Plaintiff's termination as Pastor. Nor does the record show that the statements were made during any other ecclesiastical undertaking of the Church. Rather, as stated in Plaintiff's complaint and accepted as fact for the purposes of this appeal, the Defendant's alleged slanderous statements were made outside the confines of the church *after* Plaintiff had been terminated and were made in the presence of Church members, local law enforcement, and members of the surrounding community. As a result, we hold that the trial court erred in finding the statements by Defendants David Smith, Vanessa Smith, and Charles Pagett, Jr. too closely entangled with the decision to terminate Plaintiff's employment to treat them as a civil wrong. The Order of the trial court granting Defendants' Motion to Dismiss is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Appellees David Smith, Vanessa Smith, and Charles Pagett, Jr.

_____
DAVID R. FARMER, JUDGE