IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 6, 2020 Session

**GLORIA J. JONES v. JUSTIN MARTIN ET AL.**

**Appeal from the Circuit Court for Fayette County**
**No. 18-CV-31          J. Weber McCraw, Judge**

_____

**No. W2019-02047-COA-R3-CV**
_____

Appellant and her son were driver and passenger, respectively, in a motor vehicle when they were struck in the rear by a vehicle driven by one of the Appellees. Appellant's son later died from medical causes not related to the accident. Appellant then filed suit for injuries in her own name and as next of kin of her deceased son. Following arguments by the Appellees that Appellant had no authority to prosecute the case on behalf of her son, the trial court dismissed the claim corresponding to the injuries allegedly sustained by the son. Appellant then took a nonsuit of her remaining claim. This appeal concerns initially whether or not the judgment on appeal is a final judgment and, if so, the application of Tennessee Code Annotated section 20-5-102 to this case. Tennessee Code Annotated section 20-5-102, which provides for the survival of actions despite the death of the person wronged, specifies that the right of action shall pass "in like manner as the right of action described in § 20-5-106." By way of that referenced authority, it is clear that a next of kin is one of the persons authorized to bring an action that survives under section 20-5-102. For the reasons set out herein, we conclude that we have jurisdiction to hear this appeal and reverse the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Eric J. Lewellyn, Memphis, Tennessee, for the appellant, Gloria J. Jones.

Nicholas J. Owens, Jr. and Ashleigh C. Kiss, Memphis, Tennessee, for the appellees, Joseph Martin, and Justin Martin.

## OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This case stems from an automobile accident that occurred during hazardous weather conditions on August 31, 2017.  On that date, a vehicle driven by the Appellant, Gloria Jones ("Ms. Jones"), was struck in the rear by a vehicle operated by Justin Martin and owned by Joseph Martin.  At the time of the accident, Ms. Jones' son, Martino Jones, was a passenger in her vehicle.  Although Martino subsequently passed away in May of 2018, it is undisputed that the cause of his death was not related to the underlying accident at issue.

The present litigation ensued when Ms. Jones filed a complaint for damages against the Martins ("the Defendants") in the Fayette County Circuit Court ("the trial court") on June 5, 2018.  Notably, the complaint sought recovery for injuries to both Ms. Jones and Martino, with the style of the case reflecting that Ms. Jones was bringing the action "individually and as the surviving mother and next of kin of [Martino]."  The Defendants filed an answer to the complaint the following month, and approximately a year later, on June 10, 2019, they moved to dismiss "the claim of Martino."  In pertinent part, the Defendants attempted to analogize this case to *McCormick v. Illinois Central Railroad Co.*, a case which holds that the "commencement of a suit in the name of a deceased individual amounts to a nullity."  *McCormick v. Ill. Cent. R.R. Co.*, No. W2008-00902-COA-R9-CV, 2009 WL 1392575, at *7 (Tenn. Ct. App. May 19, 2009).  The Defendants also generally argued that Ms. Jones did not have the legal authority to prosecute the case on behalf of her deceased son.

On July 25, 2019, the trial court entered an order holding that "the claim as to Martino J. Jones is . . . dismissed."  This order indicates that the trial court regarded the commencement of the suit as to Martino's claims a "nullity."  The individual claims of Ms. Jones were not addressed in the trial court's order.

Ms. Jones subsequently sought an interlocutory appeal pertaining to the dismissal of Martino's claims, which the trial court denied.  Thereafter, following a notice of voluntary dismissal in November 2019, Ms. Jones' individual claims were dismissed without prejudice.  Ms. Jones now appeals the trial court's July 25, 2019 order of dismissal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.  *See* Tenn. R. App. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right.").

## ISSUES PRESENTED

In her appellate brief, Ms. Jones raises two issues for our consideration.  First, in apparent anticipation of an argument on the matter from the Defendants, Ms. Jones poses

the issue of whether or not the trial court's July 25, 2019 order constitutes a final judgment in light of the voluntary dismissal of her individual claims. Her subsequent argument on this issue, no doubt, answers this question in the affirmative, and she urges us to address the substantive matter posed by her second issue. That second raised issue simply asks us to consider "[w]hether the trial court erred in dismissing the claims of Martino Jones." For their part, the Defendants do not raise any additional issues for our review.

## STANDARD OF REVIEW

The trial court dismissed the claim at issue on legal grounds. We review questions of law de novo with no presumption of correctness. *Collins v. HCA Health Servs. of Tenn., Inc.*, 517 S.W.3d 84, 89 (Tenn. Ct. App. 2016). Part of our inquiry on appeal involves a consideration of statutory language. Questions of statutory interpretation also involve questions of law. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998). The role of the courts in construing statutes is to "determine legislative intent and to effectuate legislative purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). To this end, "[t]he text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Id.*

## DISCUSSION

*Jurisdictional Question*

As a threshold matter, we address the question of whether there is a final judgment such that we may review the substantive question posed by this appeal. We must address this question of finality at the outset, because as a general proposition, final judgments are a condition precedent to the exercise of appellate jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As our Supreme Court has noted, "[a] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). By way of contrast, an interlocutory order "adjudicates fewer than all of the claims, rights, or liabilities of all the parties." *Id.*

Although we certainly do not question the notion that the July 25, 2019 dismissal order was not final at the time of its entry given the fact that there were other claims then pending, those outstanding claims were later dismissed. Indeed, as we noted previously, all remaining claims were dismissed in November 2019 pursuant to Ms. Jones' voluntary dismissal. This voluntary dismissal of the only remaining claims made the trial court

litigation in the subject lawsuit final and amenable to appellate review. *See Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006) (noting that a judgment is final when there is nothing else for the trial court to do); *Ausley v. Shaw*, 193 S.W.3d 892, 894 (Tenn. Ct. App. 2005) ("Plaintiff later took a voluntary dismissal without prejudice as to the remaining Defendants, thus making the judgment final.").

Because we agree with Ms. Jones that a final judgment exists, we conclude that we have jurisdiction over the appeal. We therefore shift our attention to the validity of the court's order of dismissal pertaining to the right of action that had belonged to Martino.

*Merits of the Appeal*

When the trial court entered its July 25, 2019 "Order Dismissing Claim of Martino J. Jones," it held as follows:

> Upon review of the Motion to Dismiss Martino J. Jones, the Court finds that the claim on behalf of Martino J. Jones was improperly pled by the complaint in that Martino J. Jones was deceased at the time of the filing of the complaint. The commencement of a suit in the name of a deceased individual amounts to a nullity. McCormick v. Ill. Cent. R.R. Co., No. W2008-00902-COA-R9-CV, 2009 Tenn. App. LEXIS 357 (Tenn. Ct. App. May 19, 2009). The Court further finds that such nullity may not be avoided by substitution of parties. Therefore, the claim as to Martino J. Jones is hereby dismissed.

At the outset, we observe that the trial court's order appears to misconstrue the nature of the complaint filed in this case. Ostensibly, the characterization of the complaint by the trial court was done in reliance on arguments made by the Defendants in the trial court, specifically the Defendants' efforts to pigeonhole the analysis in this matter under the rubric of the referenced *McCormick* decision. Indeed, in their motion to dismiss, the Defendants argued that "[s]uit was filed in [Martino's] name when he had already died." No question, such a filing would be a nullity under the *McCormick* decision. In that case, a complaint was filed by "Mr. McCormick" in June 2006, "in his individual capacity, as the only party plaintiff." *McCormick*, 2009 WL 1392575, at *1. Mr. McCormick, however, had previously died in September 2005. *Id.*[1] We found that "a suit brought in the name of a deceased person amounts to a nullity, and . . . is not amenable to substitution." *Id.*

The present complaint, however, was not filed in the name of Martino, contrary to the suggestion of the Defendants' counsel and the trial court.[2] The opening line of the

---

[1] We observed that it was unclear who filed the complaint in his name. *Id.* n1.

[2] Whereas the trial court's dismissal order does begin by referencing "the claim *on behalf of* Martino J. Jones," (emphasis added), it apparently considered the claim to be "in the name of" Martino given the

- 4 -

complaint explicitly states that the lawsuit was filed by "Plaintiff, Gloria J. Jones, individually and as the surviving mother and next of kin of Martino J. Jones." Although the Defendants attempt to support the trial court's invocation of *McCormick* by arguing in their appellate brief that the complaint was "for all intents and purposes . . . commenced in the name of the deceased," this was simply not the case. The complaint was not commenced in the name of Martino, and therefore, the court's reliance on *McCormick* is error and not supportable.

Whereas the trial court did not specifically opine on the issue of whether *Ms. Jones* could assert the claims that had belonged to Martino given the manner in which it applied and relied upon *McCormick*, we address that purely legal question now for the sake of judicial economy rather than remanding the case to the trial court. The parties should experience no prejudice in our doing so, as the issue has been thoroughly briefed by them. Although Ms. Jones maintains that she had the right to file the complaint that she did and thereby assert more than her individual claims, the Defendants argue the opposite position. Of course, if Ms. Jones is correct, we will be compelled to reverse the dismissal of the claims which were the subject of the trial court's July 25, 2019 order.

In support of her position that she had the right to file the complaint and assert the claims that had belonged to Martino, Ms. Jones points to Tennessee Code Annotated section 20-5-102 and section 20-5-106. The former of these provisions, which specifically concerns the survival of actions and the deaths of parties, provides as follows:

> No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.

Tenn. Code Ann. § 20-5-102.

In *Timmins v. Lindsey*, 310 S.W.3d 834 (Tenn. Ct. App. 2009), we explained that this statute directs the steps to be taken when a party dies:

> The first phrase in § 20-5-102 addresses how an existing action is to be preserved upon the death of a party—by revival. The manner in which a pending action is to be revived is then provided for at Tenn. Code Ann. §§ 20-5-103 (causes surviving death of tort-feasor), -104 (revival by or against

---

way it relied upon the *McCormick* decision.

- 5 -

heirs) and -105 (revival by or against successor in interest). The remainder of § 20-5-102, beginning after the first semi-colon, provides the procedural steps to be taken when a person who has suffered some wrong dies before he or she was able to commence a cause of action. **The statute provides that the right of action passes in the "same manner" as the right of action described in Tenn. Code Ann. § 20-5-106; in other words, the right of action goes to the same person as designated in the statute.**

*Id.* at 841 (emphasis added).

We also addressed the text of Tennessee Code Annotated section 20-5-102 in our recent opinion in *Joshlin v. Halford*, No. W2018-02290-COA-R9-CV, 2019 WL 5783482 (Tenn. Ct. App. 2019). *Joshlin* involved a medical malpractice suit originally brought by Walter Joshlin and his wife as a result of injuries Mr. Joshlin reportedly sustained in his medical care. *Id.* at *1. Mr. Joshlin's wife alleged loss of consortium in connection with her husband's injuries. *Id.* During the pendency of the litigation, Mr. Joshlin passed away from a condition unrelated to the basis for the lawsuit. *Id.* Disputes ultimately emerged as to who, if anyone, should be substituted as a proper party for Mr. Joshlin in light of his death, with the defendants arguing that the case should be dismissed because there had been a lack of a timely motion for substitution. *Id.* The trial court denied the defendants' motion to dismiss and held that Mr. Joshlin's cause of action did not abate at his death but passed to his surviving spouse, who was already a plaintiff, pursuant to Tennessee Code Annotated section 20-5-106. *Id.* at *1-2.

The propriety of the trial court's ruling came before this Court pursuant to a Rule 9 interlocutory appeal, and we reversed. In reversing the trial court's holding that a motion for substitution of parties was not required, we held that the action could be *revived* and determined that the co-executors of Mr. Joshlin's estate were the proper parties to do so.[3]

---

[3] Under Tennessee Code Annotated section 20-5-104, "[i]f no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." In *Joshlin*, we observed that "an estate was opened for Mr. Joshlin; therefore, the co-executors of his estate would be the appropriate parties to revive." *Joshlin*, 2019 WL 5783482, at *5. In our final disposition in *Joshlin*, we remanded for further proceedings, alluding to the possibility that the lack of a timely motion to substitute might not ultimately be dispositive of the case:

> [G]iven the limited nature of the issue before us in the context of this Rule 9 appeal, we decline to consider the parties' arguments regarding Rule 6.02 and the late-filed motion for substitution. On remand, the trial court should determine whether Plaintiffs' response to Defendants' motion to dismiss should be construed as a motion for enlargement of time. If the trial court determines that the substance of the response is a request for relief under Rule 6.02, it should then determine whether Plaintiffs' failure to act within the prescribed time was the result of excusable neglect.

*Id.* at *8.

- 6 -

*Id.* at \*5-8.  In the course of our discussion, we quoted extensively from our prior opinion in *Timmins* and examined the statutory method for preserving either an existing action or a vested cause of action not yet commenced.  In relevant part, we observed that the second part of Tennessee Code Annotated section 20-5-102, which deals with a "right of action," applies when a person who has suffered a wrong dies before he or she commenced an action.  *Id.* at \*5.  Whereas the second part of Tennessee Code Annotated section 20-5-102 was held not to be applicable in *Joshlin* because Mr. Joshlin's lawsuit was pending at the time he died from unrelated causes, the same is of course not true in this case.  Martino died before ever commencing an action.  Thus, the second part of Tennessee Code Annotated section 20-5-102 is applicable, and that is where we must focus our discussion.

Under a general survival statute, of which Tennessee Code Annotated section 20-5-102 would qualify, "the cause of action vested . . . at the time of death is transferred to the person designated in the statutory scheme to pursue it."  *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 597 (Tenn. 1999).   Pursuant to the statutory scheme applicable here, "the right of action shall pass in like manner as the right of action described in § 20-5-106."  Tenn. Code Ann. § 20-5-102.  In turn, section 20-5-106[4] provides that actions pass in the following manner:

> to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent[.]

Tenn. Code Ann. § 20-5-106.

In our view, Ms. Jones clearly had authority, as Martino's next of kin, to bring the action pursuant to the statutory scheme enacted in sections 20-5-102 and 20-5-106.  Notably, she expressed this understanding in the very complaint that commenced the litigation.  In relevant part, Ms. Jones stated as follows therein:

3.  Plaintiff, Gloria Jones, is the surviving mother and next of kin of Martino

---

[4] Although section 20-5-106 is a wrongful death statute, its instruction as to how actions are to pass is, as we have noted, applicable to actions governed under the second part of section 20-5-102.  This case is not a wrongful death case because, as Ms. Jones states in her appellate brief, Martino passed away as a result of medical conditions unrelated to the lawsuit*.  See Timmins*, 310 S.W.3d at 841 (noting that courts have held that the victim must have died as a result of his or her injuries in order for the wrongful death statutes to apply).

Jones.

> 4. Martino Jones was never married and had no children. He was survived by his mother, Gloria Jones, his brother, Ashello Jones, and his sister, Toyshell Jones.
>
> . . . .
>
> 11. Martino Jones['] cause of action survives his death pursuant to Tenn. Code Ann. § 20-5-102. Gloria Jones has standing to bring this action on Martino Jones['] behalf pursuant to Tenn. Code Ann. § 20-5-102 and Tenn. Code Ann. § 20-5-106.

Whereas on appeal the Defendants argue that "[s]imply filing suit in the name of the next of kin is not . . . contemplated under the statute," this is clearly not the case. Tennessee Code Annotated section 20-5-106 specifically indicates that, if there is no surviving spouse, the action passes to the "children or next of kin." Tenn. Code Ann. § 20-5-106. Again, we apply such rules of priority given the General Assembly's direction in the second part of section 20-5-102 that actions surviving thereunder pass in the manner as wrongful death actions do under section 20-5-106. *See* Tenn. Code Ann. § 20-5-102 (providing that "the right of action shall pass in like manner as the right of action described in § 20-5-106").

The crux of the Defendants' objection to Ms. Jones' standing appears to relate to their concern that the action can, in their view, only be brought by an administrator or personal representative of the decedent's estate. The plain language of the statutory text refutes this, and this Court has previously opined, for instance, that a surviving spouse has the right to file an action under section 20-5-102. *See Miller v. Niblack*, 942 S.W.2d 533, 536-37 (Tenn. Ct. App. 1996) (acknowledging the surviving spouse would have had a right to file in accordance with sections 20-5-102 and 20-5-106); *see also* Lawrence A. Pivnick, 1 Tenn. Cir. Ct. Prac. § 5:23 (Dec. 2019 update) (emphasis added) ("If a person who is injured by the tortious act of another dies before an action is filed, but the death is unrelated to the tortious acts of the proposed defendants, a survival action may be brought by the decedent's personal representative *or* by persons who could file a wrongful death action."). Although we agree with the Defendants' argument that the proceeds of the action would ultimately be considered to comprise an asset of the decedent's estate inasmuch as this case does not involve an action for wrongful death, *see Timmins*, 310 S.W.3d at 843 ("Since the recovery was only for the decedent's personal injuries, the proceeds of the settlement could not, as the plaintiff contends, be distributed as a recovery for wrongful death; instead, they are part of the decedent's estate."), the statute plainly allows the tort survival action to pass to the surviving spouse or next of kin and for that person to commence and control the action.

**CONCLUSION**

For the foregoing reasons, the trial court's July 25, 2019 order of dismissal is reversed.

_____
ARNOLD B. GOLDIN, JUDGE