IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2025 Session

## KIMBERLY JONES-MBUYI ET AL. v. JILL FITCHEARD ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 23-1585-I     Patricia Head Moskal, Chancellor**

_____

### No. M2024-00969-COA-R3-CV

_____

In this declaratory judgment action challenging the constitutionality of a state statute, the trial court allowed the Tennessee Attorney General to intervene on behalf of the State of Tennessee ("the State"). However, instead of allowing intervention for the limited purpose of defending the statute's constitutionality, the trial court ordered that the State be made a party defendant in the action, thereby invoking the requirement of Tennessee Code Annotated § 20-18-101(a) that a three-judge panel be appointed. The plaintiffs timely appealed. Determining that the trial court erred in its interpretation of Tennessee Rule of Civil Procedure 24, we vacate the trial court's order directing the State's intervention as a party defendant. We remand this matter to the trial court to determine whether the State is a necessary party or whether the State should be allowed to intervene for the limited purpose of defending the constitutionality of Tennessee Code Annotated § 38-8-312.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined. W. NEAL MCBRAYER, J., filed a separate opinion dissenting in part.

Daniel A. Horwitz, Sarah L. Martin, and Melissa Dix, Nashville, Tennessee, for the appellants, Kimberly Jones-Mbuyi and Horwitz Law, PLLC.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; and Philip Hammersley, Senior Assistant Attorney General, for the appellee, State of Tennessee.

Wallace W. Dietz, Allison L. Bussell, Andrew D. McClanahan, and Peter G. Vizcarrondo, Nashville, Tennessee, for the appellees, Nashville Community Review Board and Metropolitan Government of Nashville and Davidson County.

## OPINION

### I. Factual and Procedural History

The plaintiffs, Kimberly Jones-Mbuyi and Horwitz Law, PLLC ("Horwitz") (collectively, "Plaintiffs"), filed a complaint in the Davidson County Chancery Court ("trial court") on December 19, 2023, against the Nashville Community Review Board ("the Board"), Jill Fitcheard in her official capacity as Executive Director of the Board, and the Metropolitan Government of Nashville and Davidson County ("Metro") (collectively, "Defendants"). Plaintiffs averred that the Board was a local governmental entity, established by an ordinance enacted by Metro, which acted as a "police advisory and review committee for [Metro] to fully comply with Public Chapter No. 454 of the Public Acts of 2023."

Plaintiffs explained that in May 2023, the Tennessee General Assembly had enacted Tennessee Public Acts Chapter No. 454, which had since been codified at Tennessee Code Annotated § 38-8-312. This law governs oversight of police activity by allowing a "local governing body . . . to create a police advisory and review committee for the governing body." Tenn. Code Ann. § 38-8-312(b)(1). According to the statute, the purpose of the review committee "is to strengthen the relationship between citizens and the law enforcement agency; to ensure the timely, fair, and objective review of citizen complaints while protecting the individual rights of local law enforcement officers; and to make recommendations concerning citizen complaints to the head of a law enforcement agency." Tenn. Code Ann. § 38-8-312(b)(2). The statute further provides that the committee can receive "written, sworn complaints from members of the public regarding misconduct of local law enforcement officers" and is to forward those complaints to the internal affairs unit of the applicable law enforcement agency for investigation. Tenn. Code Ann. § 38-8-312(k)(1). The executive director of the committee can then review the investigation file and make a report to the committee, which reports its findings and conclusions to the head of the law enforcement agency and the mayor. Tenn. Code Ann. § 38-8-312(o)(3).[1]

The statute also provides, however, that the committee or its staff shall <u>not</u> review an investigation:

    (A)    Concerning an incident that occurred prior to January 1, 2023;

---

[1] Plaintiffs asserted that Metro had enacted an ordinance adopting and implementing the provisions of Tennessee Code Annotated § 38-8-312.

(B)	Prior to the closure of an investigation by the internal affairs unit or of a criminal investigation;

(C)	While the complainant, the officer complained about, or a witness is actively engaged in pursuing a remedy provided by the rules and regulations of the civil service merit board of the local government entity; or

(D)	If the complainant has initiated, threatened, or given notice of the intent to initiate litigation against the local government entity or its employees.

Tenn. Code Ann. § 38-8-312(q)(1) (emphasis added).

In the complaint, Plaintiffs stated that Ms. Jones-Mbuyi's daughter, Michaela Carter ("Decedent"), had been killed by her estranged husband, James Leggett, who had violated an order of protection obtained by Decedent when he kicked in her door and shot her. Plaintiffs alleged that on the day of her death, Decedent had received disturbing messages from Mr. Leggett and that she and her mother had called 911 to report that Mr. Leggett, "while visibly armed, was roaming a relative's apartment complex searching for [Decedent]." When Metro police officers arrived at Decedent's location, Decedent presented them with the order of protection, and the officers allegedly verified its authenticity. Decedent also showed the officers the disturbing messages sent by Mr. Leggett and purportedly begged the officers to arrest him.

According to Plaintiffs, the responding officers "did not take the situation seriously and joked about it. They also falsely asserted that they could not arrest Leggett based on the information they had been provided." The officers purportedly escorted Decedent and her mother back to Decedent's home and then left, suggesting that Decedent take a picture of Mr. Leggett when he arrived to document the order of protection violation. Decedent was apparently killed by Mr. Leggett approximately ten minutes later.

In the complaint, Plaintiffs also asserted that after Decedent was killed, the officers attempted to "cover up" their negligence by falsely claiming in their reports that they had offered "shelter" to Decedent but that she had refused. Plaintiffs further stated that a report by the "Office of Professional Accountability" in Metro's police department found a "host of violations of MNPD policy" by the officers; however, Metro purportedly refused to release the report to Ms. Jones-Mbuyi until forced to do so in discovery after litigation was initiated.

According to Plaintiffs, Ms. Jones-Mbuyi had been denied an investigation into police misconduct following her daughter's death due to the enactment of Tennessee Code Annotated § 38-8-312(q)(1), the effect of which was to strip a complainant of his or her statutory right to an investigation if that complainant initiated or threatened to initiate

litigation. Similarly, Horwitz averred that in addition to Ms. Jones-Mbuyi's case, it had filed litigation against Metro alleging police misconduct for other clients and that those clients had also been denied an investigation pursuant to Tennessee Code Annotated § 38-8-312(q)(1). In addition, Horwitz explained that before it could obtain records to evaluate a potential claim for a client, it often had to place Metro on notice that litigation would commence in order to cause Metro to release the records, thus resulting in loss of the right to an investigation under Tennessee Code Annotated § 38-8-312(q)(1). Plaintiffs thereby argued that the statute was unconstitutional because it conditioned the statutory right to an investigation upon a complainant's relinquishment of the right to file or threaten litigation. Plaintiffs therefore sought a declaration that the statute imposed an unconstitutional condition as well as an injunction requiring that Ms. Jones-Mbuyi's complaint be investigated.

On February 1, 2024, Defendants filed a motion to dismiss, asserting, *inter alia*, that the trial court lacked subject matter jurisdiction to issue a declaratory judgment regarding the constitutionality of the statute because the Tennessee Attorney General had not been named as a party defendant in the action. Plaintiffs filed a response in opposition, arguing that they had transmitted a copy of their complaint to the Attorney General on December 22, 2023, thereby satisfying Tennessee Rule of Civil Procedure 24.04, which provides that "[w]hen the validity of a statute of this state" is questioned and the State is not a party, "the court shall require that notice be given the Attorney General, specifying the pertinent statute, rule or regulation." Plaintiffs posited that such notice also satisfied Tennessee Code Annotated § 29-14-107(b), which similarly requires that notice be given to the Attorney General when a proceeding challenges the constitutionality of a statute. Plaintiffs argued that the Attorney General was not required to be made a party to the action.

On March 20, 2024, the Attorney General filed a motion to intervene in the matter on behalf of the State of Tennessee "for the limited purpose of defending the constitutionality of" Tennessee Code Annotated § 38-8-312, arguing that intervention was permitted pursuant to Tennessee Code Annotated § 8-6-109(b)(9) and § 29-14-107(b), as well as Tennessee Rule of Civil Procedure 24.[2] Defendants opposed this motion, propounding that the Attorney General was a necessary party and should not be allowed to intervene as a non-party for the limited purpose of defending the constitutionality of the statute.

On May 10, 2024, the trial court entered an order granting the Attorney General's motion to intervene. The court also, however, directed the Attorney General to file a "responsive pleading to the complaint within 15 days after the date of entry of this Order." The Attorney General subsequently filed a motion requesting that the court clarify whether

---

[2] Inasmuch as the parties refer to the State and the Attorney General interchangeably in their pleadings, we have also done so in this Opinion.

the intervention was for a limited purpose or whether the State had been joined as a party defendant because the latter circumstance would trigger the requirement that a three-judge panel be appointed pursuant to Tennessee Code Annotated § 20-18-101(a).

Following the filing of a notice by the Attorney General pursuant to Tennessee Supreme Court Rule 54, the Presiding Judge of the Twentieth Judicial District and the Tennessee Supreme Court, respectively, entered orders finding that clarification was needed regarding whether the State was a party or a non-party in the action before a three-judge panel could be appointed. The Supreme Court's order therefore lifted the automatic stay imposed by Rule 54 and directed the trial court to rule on the Attorney General's pending motion for clarification.

The trial court entered an order on June 18, 2024, determining that the State was a party defendant in the action. The court found that because the State had asked to intervene as of right pursuant to Tennessee Rule of Civil Procedure 24.01, it had become a party when that motion was granted. The Supreme Court thereafter entered an order appointing a three-judge panel pursuant to Tennessee Supreme Court Rule 54. On June 21, 2024, Plaintiffs filed a notice of appeal.

## II. Issues Presented

Plaintiffs have presented the following issues for review, which have been restated slightly:

1. Whether the trial court erred by ordering that the State be made a party defendant when the State opposed that relief.

2. Whether the State is obligated to intervene as a party defendant when the Attorney General seeks to defend the constitutionality of a statute, or whether the State may intervene as a non-party for the limited purpose of defending the statute.

The State has phrased the relevant issue as:

Whether the trial court erred by holding that when the Attorney General intervenes in an action on behalf of the State under Tennessee Code Annotated § 29-14-107(b) and Tennessee Rule of Civil Procedure 24.01 for the limited purpose of defending the constitutionality of a statute, the State must be joined as a party defendant.

## III. Standard of Review

- 5 -

Pursuant to Tennessee Rule of Civil Procedure 24.05, an "order granting or denying a motion to intervene filed pursuant to this rule shall be a final judgment for purposes of Tenn. R. App. P. 3." A trial court's determination concerning a motion to intervene, other than the issue of the motion's timeliness, is reviewed *de novo* with no presumption of correctness. *See*, *e.g.*, *Gonzalez v. Tenn. Dep't of Children's Servs.*, 136 S.W.3d 613, 616 (Tenn. 2004); *Nat'l Pub. Auction Co., LLC v. Camp Out, Inc.*, No. M2015-00291-COA-R3-CV, 2016 WL 690438, at *3 (Tenn. Ct. App. Feb. 18, 2016). A trial court's interpretation of a statute or court rule is also reviewed *de novo*. *See Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013); *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004).

## IV. State as Intervening Party

Plaintiffs and the State argue that the trial court erred by ordering that the State must intervene as a party defendant when the State opposed that relief and instead sought to intervene only as a non-party for the limited purpose of defending the constitutionality of Tennessee Code Annotated § 38-8-312.[3] Metro postulates, however, that the trial court granted the precise relief that the State requested by permitting intervention as of right, which Metro urges would necessarily mean that the State would become a party to the action. In order to address this issue, it is necessary to conduct a detailed review of the pertinent procedural history.

In its March 2024 motion seeking intervention, the State advanced the position that the trial court should allow it to intervene "as of right" pursuant to Tennessee Rule of Civil Procedure 24.01, which the State argued provides for intervention as of right "when a statute confers an unconditional right to intervene." The State posited that two statutes conferred such a right: Tennessee Code Annotated § 8-6-109(b)(9), which provides that the Attorney General has a duty to "defend the constitutionality and validity of all legislation of statewide applicability . . . enacted by the general assembly," and Tennessee Code Annotated § 29-14-107(b), which states that when a "statute . . . is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard."

However, the State also particularly relied upon Tennessee Rule of Civil Procedure 24.04, which provides that when "the validity of a statute of this state . . . is drawn in question" in a lawsuit and the State is not a party, "the court shall require that notice be given the Attorney General, specifying the pertinent statute, rule or regulation." Having

---

[3] We note that Metro has argued on appeal that Plaintiffs lack standing to present issues on behalf of the State, and Metro thus asserts that this appeal should be dismissed. Although Plaintiffs filed the notice initiating this appeal as of right, the State filed a brief on its own behalf and joined in Plaintiffs' issues and arguments raised. *See* Tenn. R. App. P. 3(h) ("[U]pon the filing of a single notice of appeal in a civil case, issues may be brought up for review and relief pursuant to these rules by any party."). We therefore find Metro's argument on this point to be unavailing.

been provided such notice here, the State sought to intervene for the limited purpose of defending the constitutionality of Tennessee Code Annotated § 38-8-312, noting that the advisory commission comments to Rule 24.04 explain that when a declaratory judgment action is filed seeking to declare a statute unconstitutional, the Attorney General must be served with a copy of the action and afforded a "chance to be heard," pursuant to Tennessee Code Annotated § 29-14-107(b). The State further pointed out that "Tennessee courts routinely permit the State to intervene in disputes between other parties for the 'limited purpose' of defending the constitutionality of a state statute," citing examples of cases wherein such limited intervention had been permitted. The State explained that if permitted to intervene on a limited basis, it would "take no position on arguments raised by the parties that do not touch on the constitutional question" but would instead "participate only to the extent necessary to defend the constitutionality of Tennessee Code Annotated § 38-8-312(q)(1)(D)."

Metro filed a response to the State's motion to intervene, arguing that the State was a necessary party defendant to the declaratory judgment action based on the Tennessee Supreme Court's Opinion in *Cummings v. Beeler*, 223 S.W.2d 913, 916 (Tenn. 1949). Metro contended that because the State was a necessary party, the trial court's failure to join the State as a party defendant would be fatal to the declaratory judgment action. *See Timmins v. Lindsey*, 310 S.W.3d 834, 839 (Tenn. Ct. App. 2009) ("Because of the nature of declaratory relief, the Declaratory Judgments Act . . . 'makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted.'"). Metro further postulated that by allowing the State to intervene as a non-party, the trial court would allow the State to "avoid[] legal consequences that would ordinarily apply in constitutional challenges to state statutes," such as the required appointment of a three-judge panel and the State's potential responsibility for attorney's fees.

In reply, the State argued, *inter alia*, that *Beeler* was at odds with Tennessee Rule of Civil Procedure 24.04, which was adopted in 1970. *See, e.g.*, *Muesing v. Ferdowsi*, No. 01-A-019005-CV-00156, 1991 WL 20403, at *3 (Tenn. Ct. App. Feb. 21, 1991) (indicating that the Tennessee Rules of Civil Procedure were adopted in 1970). The State reiterated Rule 24.04's requirement that when a lawsuit is filed questioning the validity of a statute and the State is not a party, <u>notice</u> must be given to the Attorney General, and "nothing more." Accordingly, the State argued that Rule 24.04 did not require the State's intervention as a party defendant in actions challenging a statute's constitutionality. Moreover, the State posited that because Rule 24.04 conflicts with *Beeler* and was enacted after *Beeler* was decided, Rule 24.04 implicitly overruled *Beeler*. *See State v. West*, 19 S.W.3d 753, 756 (Tenn. 2000) (explaining that an appellate court opinion had been implicitly overruled by the subsequent adoption of a Supreme Court rule in conflict with the opinion).

The trial court entered an order on May 10, 2024, granting the State's motion to intervene and directing the State to file a response to Plaintiffs' complaint. The State subsequently filed a motion seeking clarification from the court concerning whether the intervention was for a limited purpose or whether the State had been joined as a party defendant. On June 18, 2024, the trial court entered an order clarifying its earlier ruling. In that order, the court emphasized that the State had requested that it be allowed to intervene as of right pursuant to Rule 24.01. The court noted that although "several avenues" existed by which a non-party could join a lawsuit, "when a person moves to intervene [pursuant to Rule 24.01] and the motion is granted, that person becomes a party to the suit." The court further reasoned that in contrast to intervention as of right, permissive intervention would allow the court to "place conditions or restrictions on the party's role in the lawsuit." The court concluded that the State had become a party defendant upon its intervention as of right and thus would be allowed to plead in response to Plaintiffs' complaint. The court did not address or adjudicate Metro's contention that the State was a necessary party to the declaratory judgment action.

Based upon the procedural posture of this matter, we disagree with Metro's argument that the trial court merely granted the precise relief requested by the State when directing that the State could only intervene as a party defendant rather than for the limited purpose of addressing the constitutionality of Tennessee Code Annotated § 38-8-312. Although the State did seek intervention as of right pursuant to Rule 24.01, it also expressly requested to be allowed to intervene as a non-party, pursuant to Rule 24.04, for the sole and limited purpose of defending the constitutionality of the statute. We reiterate the State's assertion in its motion that if permitted to intervene on a limited basis, it would "take no position on arguments raised by the parties that do not touch on the constitutional question" but would instead "participate only to the extent necessary to defend the constitutionality of Tennessee Code Annotated § 38-8-312(q)(1)(D)." Accordingly, based on the State's position stated in its motion, we disagree with Metro's stance on appeal that the trial court granted the State exactly what it sought by granting intervention as of right and directing that the State participate as a party defendant.

In fact, the effect of the trial court's action was to grant "relief" to the State that the State did not seek by directing that the State's intervention had to be as a party defendant.[4]

---

[4] Plaintiffs and the State urge that the trial court's action ignored the "party-presentation principle," which generally states that a court should only address the legal questions presented by the parties. *See State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022). Our Supreme Court has explained this principle as ensuring that review is limited to the issues presented by the parties so that the courts remain impartial and "retain the passive 'role of neutral arbiter of matters the parties present.'" *See id.* ("The party-presentation principle 'promotes careful and correct decision making' by 'ensur[ing] that the opposing party has an opportunity to reflect upon and respond in writing to the arguments that his adversary is raising.'" (quoting *Hamilton v. Southland Christian Sch.*, 680 F.3d 1316, 1319 (11th Cir. 2012))). We note, however, that because the trial court did address the State's request for intervention and Metro's opposition to same, the party-presentation principle is not controlling on the question presented herein.

- 8 -

The State clearly opposed such a result in its reply and urged the trial court to allow its limited intervention related solely to defending the statute. The trial court never addressed the State's arguments concerning limited intervention, seemingly determining that the Rules of Civil Procedure, specifically Rule 24, did not allow the State to intervene in this capacity. We disagree, relying upon decades of precedent permitting the State's limited intervention, in all types of lawsuits, for the purpose of defending a statute that has been the subject of constitutional attack. *See Turner v. Turner*, 473 S.W.3d 257, 265 (Tenn. 2015) (noting that the Attorney General had been allowed to intervene in the parental rights termination action "for the limited purpose of defending the constitutionality of the statute of repose" and indicating that the State's involvement was limited to that issue); *In re K.A.Y.*, 80 S.W.3d 19, 22 (Tenn. Ct. App. 2002) (stating that the Attorney General had been allowed to appear in the adoption action for the limited purpose of defending the constitutionality of certain Tennessee adoption statutes); *Justice v. Nelson*, No. E2023-00407-COA-R3-CV, 2024 WL 3172263, at *2 (Tenn. Ct. App. June 26, 2024) (explaining that the State had been permitted to intervene in the tort action for the limited purpose of defending a statute's constitutionality); *Stark v. Stark*, No. W2021-01288-COA-R3-CV, 2023 WL 5098594, at *5 (Tenn. Ct. App. Aug. 9, 2023) ("Upon the State of Tennessee's motion, the trial court allowed the State to intervene [in the post-divorce action] for the limited purpose of defending the constitutionality of the statute."); *MacCaughelty v. Sherrod*, No. M2020-00403-COA-R3-CV, 2023 WL 2924595, at *2 (Tenn. Ct. App. Apr. 13, 2023) (noting that the State had been allowed to intervene for the limited purpose of defending the constitutionality of a statute of limitations); *Fowler v. Morristown-Hamblen Hosp. Ass'n*, No. E2018-00782-COA-R3-CV, 2019 WL 2571081, at *2 (Tenn. Ct. App. June 24, 2019) (stating that the trial court had issued an order allowing the State to intervene for the limited purpose of defending the constitutionality of the disputed statute after the plaintiffs filed a notice pursuant to Tennessee Rule of Civil Procedure 24.04); *Moorcroft v. Stuart*, No. M2013-02295-COA-R3-CV, 2015 WL 413094, at *3 (Tenn. Ct. App. Jan. 30, 2015) (explaining that after a mother challenged the validity of a statute that allowed the registration of "foreign grandparent visitation orders" without a showing of substantial harm to the child, the Attorney General sought and was granted leave to intervene, under Tennessee Rule of Civil Procedure 24.01, for the limited purpose of defending the constitutionality of the statute); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010) (noting that the Attorney General had intervened in the wrongful death action for the limited purpose of defending the constitutionality of a statute); *In re Adoption of M.P.J.*, No. W2007-00379-COA-R3-PT, 2007 WL 4181413, at *2 (Tenn. Ct. App. Nov. 28, 2007) (stating that the Attorney General had intervened for the limited purpose of defending the constitutionality of the parental termination statute); *Jolly v. Jolly*, No. W2005-01845-COA-R3-CV, 2006 WL 3613610, at *1 (Tenn. Ct. App. Dec. 12, 2006) (explaining that the Attorney General had intervened in the post-divorce matter for the limited purpose of defending the constitutionality of a statute); *In re Liquidation of United Am. Bank of Knoxville*, No. E1999-00270-COA-R3-CV, 2000 WL 145078, at *1 (Tenn. Ct. App. Feb. 9, 2000) (stating that the Attorney General had "intervened [in a lease action] for the sole

and limited purpose of defending the constitutionality of the statute"); *Newton v. Cox*, No. 02A01-9202-CH-000041, 1992 WL 220189, at *1 (Tenn. Ct. App. Sept. 14, 1992) (stating that the Attorney General had intervened in the Consumer Protection Act case "at the trial level for the limited purpose of defending the constitutionality of the challenged statute"), *rev'd on other grounds*, 878 S.W.2d 105 (Tenn. 1994).

Focusing solely on Rule 24, as the trial court did, we reiterate that Rule 24.04's only requirement when a lawsuit is filed questioning the validity of a statute and the State has not been named as a party is that "the court shall require that <u>notice</u> be given" to the Attorney General (emphasis added). Moreover, as the State has pointed out, the advisory commission comments make clear that Rule 24.04 "extends this protection to actions of any type" such that the Attorney General "will be in a position to <u>intervene or take other appropriate action</u>" (emphasis added). With specific reference to a declaratory judgment action, the advisory commission comments state that the Attorney General should be served "with a copy of the proceeding" "to afford him or her a chance to be heard." Nothing in this rule mandates that the State can only intervene as a party defendant in the action in order to defend a statute's validity. We therefore conclude that the trial court erred by directing that the State had to be made a party defendant in this matter when the State's single objective in seeking intervention was to address the constitutionality of Tennessee Code Annotated § 38-8-312. Accordingly, we vacate the trial court's May 10, 2024 and June 18, 2024 orders concerning intervention.

## V. State as Necessary Party

During the trial court proceedings, Metro opposed the State's intervention on a limited basis, asserting that the Tennessee Supreme Court's Opinion in *Cummings*, 223 S.W.2d at 916, required that the State be made a party defendant in a declaratory judgment action regarding the validity of a statute. Metro argued that because the State was a necessary party, failing to join the State as a party defendant would be fatal to the declaratory judgment action herein. *See Timmins*, 310 S.W.3d at 839 ("Because of the nature of declaratory relief, the Declaratory Judgments Act . . . 'makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted.'").

Although Metro advances these same arguments on appeal with reference to the State's status as a necessary party and the application of *Cummings*, Metro also asserts that this Court should not reach the issue because "intervention and necessary party status are distinct legal issues" and the trial court did not adjudicate the issue of whether the State is a necessary party. In support, Metro relies on this Court's Opinion in *Dialysis Clinic, Inc. v. Medley*, No. M2018-00399-COA-R3-CV, 2019 WL 2173194, at *4 (Tenn. Ct. App. May 20, 2019), wherein the Court determined that it could not address the question of whether a party was "necessary" when the trial court had not adjudicated that issue.

- 10 -

We agree with Metro that questions relative to intervention, pursuant to Tennessee Rule of Civil Procedure 24, are distinct from the analysis of necessary parties to a declaratory judgment action. As our Supreme Court has instructed regarding the general analysis of a Rule 24 motion:

> A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. *Id.* In the case of permissive intervention, the party seeking to intervene must show that there is a common question of law or fact between the intervenor's claim and the main action. Tenn. R. Civ. P. 24.02. Permissive intervention is generally not proper when the intervenor seeks to raise new claims or issues against the existing parties.

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 190-91 (Tenn. 2000).

By contrast, when addressing the issue of necessary parties in a declaratory judgment action, this Court has explained:

> "Because of the nature of declaratory relief, the Declaratory Judgments Act makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted." *Huntsville Util. Dist. of Scott County v. Gen. Trust Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992). Declaratory judgments are not available unless all the proper parties are before the court. *Byrn v. Metro. Bd. of Pub. Educ.*, No. 01-A-019003-CV-00124, 1991 WL 7806, at *5 (Tenn. Ct. App. Jan. 30, 1991) (citations omitted). "Proper parties include all those who must be bound by the decree in order to make it effective and to avoid the recurrence of additional litigation on the same subject." *Id.*

> Tennessee Code Annotated § 29-14-107(a) mandates that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

* * *

- 11 -

[I]dentifying the necessary parties in a declaratory judgment action is fact intensive and depends on the type of case and issues involved. *Byrn*, 1991 WL 7806, at *5.

*Adler v. Double Eagle Props. Holdings, LLC*, No. W2010-01412-COA-R3-CV, 2011 WL 862948, at *3 (Tenn. Ct. App. Mar. 14, 2011) (footnote omitted).

As demonstrated above, the analyses concerning who may be allowed to intervene pursuant to Rule 24 and who is a necessary party in a declaratory judgment action are separate and distinct. However, in the case at bar, the parties have clearly conflated the two. And although Metro did raise the issue of whether the State was a necessary party in its pleadings before the trial court, the trial court never addressed that issue. Instead, the trial court focused solely on intervention pursuant to Rule 24. For this reason, we find this Court's analysis in *Dialysis Clinic* instructive.

In *Dialysis Clinic*, a party had sought to intervene in an unlawful detainer action predicated on Tennessee Rule of Civil Procedure 24 and had also argued that it was a necessary party pursuant to Rule 19.01. *See* 2019 WL 2173194, at *2. The trial court denied the motion to intervene because it was untimely, but the trial court failed to rule on the party's claim that it was a necessary party. *See id.* at *3. Accordingly, this Court concluded that the issue of whether the party was necessary was "not ripe for review" on appeal because such issue had not been adjudicated by the trial court. *See id.* at *4. This Court accordingly remanded that issue for determination by the trial court. *See id.*

Similarly, here, the trial court determined that the State should be made a party defendant based solely on the court's analysis of Tennessee Rule of Civil Procedure 24.01 and 24.02. The court did not address or adjudicate the issue of whether the State was a necessary party in this declaratory judgment action. As such, we determine that the issue of whether the State is a necessary party is not ripe for our review, and we remand the issue to the trial court for consideration and determination.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's May 10, 2024 and June 18, 2024 orders requiring the State to intervene as a party defendant in this action based on Tennessee Rule of Civil Procedure 24.01. We remand this matter to the trial court to determine whether the State is a necessary party or whether the State should be allowed to intervene for the limited purpose of defending the constitutionality of Tennessee Code Annotated § 38-8-312. Costs on appeal are assessed one-third to the appellants, Kimberly Jones-Mbuyi and Horwitz Law, PLLC; one-third to the State of Tennessee; and one-third to the appellees, Nashville Community Review Board and Metropolitan Government of Nashville and Davidson County.

s/Thomas R. Frierson, II

THOMAS R. FRIERSON, II, JUDGE